JOANOS, Judge.
This is an appeal from orders of the circuit court denying appellant’s Motion to Modify Divorce Decree and Motion for a Rehearing. We reverse the order denying rehearing and remand for a reconsideration.
Appellant and appellee obtained a final judgment of divorce on December 1, 1967. The judgment ordered appellant to pay ap-pellee $200.00 monthly as permanent alimony. At that time appellant was employed and appellee was not. After paying alimony for approximately 18 years, appellant filed his Motion to Modify Divorce Decree alleging that there had been a substantial change in circumstances since the entry of the judgment. According to appellant, the testimony at the hearing held on September 14, 1984, together with the documentary evidence and testimony at a later hearing, supports his position that there was a substantial change of circumstances entitling him to relief from the alimony requirements.
Unfortunately for appellant, no court reporter was present at the September 14, 1984 hearing, and none of the testimony was recorded. Therefore the record for review is incomplete and we are left without the ability to review the substantive issues involved in the appeal. If appellant wished us to review the substantive issues, he should have proceeded pursuant to Fla.R.App.P. Rule 9.200(b)(3). Appellant should have prepared a statement of the evidence or proceedings arising from the September 14, 1984 hearing from the best available means and presented it to the appellee and the trial court. Upon the trial court’s approval the statement, could become part of the record and so become reviewable upon appeal. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1980).
Although we cannot at this point review the substantive issue on appeal, appellant has pointed out a procedural flaw. On February 8, 1985 the court issued an order denying appellant’s Motion to Modify the Divorce Decree. In response appellant filed a Motion for a Rehearing based on the assertion that appellee’s financial affidavit had never been made available to appellant as requested. At the following evidentiary hearing held on May 10, 1985, where appel-lee did submit the requested financial affidavit, the judge granted both parties approximately two additional weeks in which to provide him with supplemental memo-randa to be considered prior to his final order. Appellant contends, and the record reveals, that within only 5 days after granting the extended time period, the trial court denied appellant’s Motion to Modify Divorce Decree and Motion for a Rehearing without explanation, and before receiving the memoranda that the parties were granted extra time to prepare. The record reflects both the trial court’s grant of additional time and the unexpected, early denial of appellant’s motions. We can find no reason to support the trial court’s sudden change of mind, and hold that the court committed error when it unexpectedly cut short the time period extended to the parties.
Therefore we reverse the trial court’s order denying appellant’s motion for rehearing, remand this cause to the trial court and order that the court allow both parties to submit the summaries and mem-oranda they were originally led to believe were going to be considered by the trial court before a decision was made. In addition to these materials, the trial judge may accept any further evidence he deems pertinent to the resolution of this cause.
We further point out that if either party wishes to appeal on the merits following the entry of an order, they should provide us with an appropriate record in the manner we have described.
Reversed and remanded.
BOOTH, C.J., and ZEHMER, J., concur.