POLEN, Judge.
Reef Buick, Inc. appeals an adverse final judgment finding a breach of contract and an award of damages. We affirm the trial court’s verdict and judgment in favor of Southeast Warranty, Inc.
There was evidence in the record from which the jury could properly find liability on part of appellant, and that the contract in question was not fatally ambiguous nor unenforceable because of any alleged impossibility of performance. Accordingly, the trial court correctly denied appellant’s motion for summary judgment, as well as their motions for directed verdict, and the jury correctly found liability on behalf of appellant Reef.
However, appellant raises some points warranting discussion as to the amount of the jury’s damage award. Appellant contends there were several errors in the manner in which the jury was permitted to consider appellee’s damage claim. This dilemma is compounded by the fact the jury’s calculation of an award of $329,029 does not coincide with testimony of any of the experts.
In particular, appellant argues it was error to allow the jury to consider awarding damages for the first thirteen months of operation under the contractual “referral” agreement, as appellee’s counsel stipulated there was no breach of the contract during that period. Further, the letter agreement in question clearly refers to “the same percentage of penetration of your total warranty plan placement as our company experienced in calendar year 1981.” (Emphasis added.) Since the contract clearly and unambiguously provided for a percentage based on total warranty placements, appellant claims it was error to allow appellee’s expert to give figures based on a breakdown between the percentage of new car warranties placed and percentage of used car warranties placed. While appellee’s expert went on to testify that if he used the combined percentage, it would result in a reduction of damages by a figure of eighteen percent, which he later revised to fourteen percent, it is questioned whether the jury made an appropriate reduction.
Finally, appellant suggests it was error to allow the jury to consider awarding damages on what appellee’s expert characterized as the “last dollar theory” rather than the traditional actual lost profits basis. This “last dollar theory” permitted the jury to consider appellee’s measure of damages as being lost gross revenues minus the direct cost of each warranty written (salesman’s commission and warranty claims anticipated), without further subtracting therefrom items attributable to appellant’s fixed overhead. There was testimony that such an approach is contrary to generally accepted accounting practices, and therefore appellant argues should not have been permitted by the court.
However, we have not been presented with a transcript of the charge conference, and our review of the record reveals that appellant failed to make appropriate objec *457 tions regarding some of these issues. We are unable to determine if appellant sought and was denied proposed instructions directing the jury to so limit their consideration of damages. As the burden is upon the appellant to show the trial court erred in this regard, appellant has failed to meet its burden. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Finally, we note that the jury’s award of damages was in between the $560,000 figure testified to by appellee’s expert, and the $20,000 figure testified to by appellant’s expert. While we do not have (nor should we) the benefit of the jury’s calculations in arriving at the figure of $329,029, such an award would not be inconsistent with calculations that eliminated the first thirteen months of the contractual period, and then subtracted out appropriate amounts because of the percentage breakdown of warranty placements, and because of failure to consider fixed overhead. In short, appellant simply has not sustained its burden of establishing reversible error either as to the liability question, nor as to the amount of damages awarded. Accordingly, the verdict and judgment below are affirmed.
DELL and GARRETT, JJ., concur.