McNULTY, JOSEPH P., Associate Judge,
dissenting.
I respectfully dissent.
Appellants filed a complaint seeking payment of several “loans” allegedly made to appellee, Salvatore Fodera. Fodera responded denying any loans, setting up affirmative defenses, and counter-claiming for conversion in one count and pre-judgment replevin for the return of certain personalty in another.
An order to show cause in replevin issued against appellants and was made returnable on September 8, 1989. There is no transcript of any hearing on that date nor does any paper, order or document otherwise memorialize what, if anything, occurred on that date.
The next succeeding material matter in the record is a “Final Judgment and Order of Dismissal of all Claims,” entered December 5, 1989, which by its language sufficiently establishes it as a “Final Order.” No notice of hearing preceded it.
The judgment is prefaced with the language:
THIS CAUSE having come on to be heard upon complaint and counter-claim filed by the parties in this cause and the court having found that counsel for both parties were present in court and having heard argument of counsel it is,
ORDERED AND ADJUDGED as follows:
1. The court hereby enters a Final Order of dismissal with respect to the claim of the Plaintiff [sic] and as to all claims of the Defendant, except as herein after [sic] expressly granted_ (Italics supplied.)
Whereupon, the judgment continues on facially to resolve all apparent differences relating to appellee’s replevin action, granting possession of certain items of personalty to appellee and others to appellants.
Additionally, recognizing a “volatile situation between the parties,”[1] the court, apparently sua sponte and gratuitously, then included a “permanent Injunction and Restraining Order” against all parties “permanently enjoining and restraining” them from harassing, assaulting, battering or otherwise annoying one another. No motion or pleading prayed for this equitable relief in this action at law.
With all due respect, from the sparse record before us no one can tell what happened below. The task is made even more difficult because appellee is without counsel on this appeal and no brief was filed on his behalf.
We do know that there was supposed to be a hearing on September 8, 1989 on the Order to Show Cause in replevin. As noted, nothing reflects whether that hearing took place or not. Moreover, there is no way of telling whether the hearing reflected by the final order entered on December 5th was a separate hearing held on or about that date, or one which simply memorialized that which actually may have occurred back on September 8th. There is no transcript of the December 5th proceedings either.
Again as noted, the trial court’s Final Order reflects only that the cause was before him on “the complaint and counterclaim,” that each of the parties appeared by counsel and that “argument” of counsel was “heard.” But we don’t know whether through counsel the parties agreed to work it out after the personal property was divided; whether counsel otherwise stipulated to facts which would support the “Final Judgment,” whether counsel, by acquiescence, agreed to final disposition at that time; or, indeed, whether counsel agreed to the entry of the judgment as entered. In sum, simply because the judgment itself does not facially recite what went on does not mean that nothing occurred at that or any other unreported hearing which would justify the entry of the judgment. Indeed, in the present posture of the case, the actions of the trial court are presumed to have been orderly and correct, which presumption must be rebutted by appellants whose duty in the premises is to make *404 reversible error clearly to appear. Applegate v. The Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Ahmed v. Travelers Indemnity Co., 516 So.2d 40 (Fla. 3rd DCA 1987).
Furthermore, with regard to any denial of due process argument, while it is true that the record is silent as to any notices of hearings or as to whether appellants were wrongfully denied their day in court on their complaint (except for appellants’ unsupported assertions in their brief filed in this appeal), the mere record absence of such notices or of other evidence arguably consistent with a denial of due process no more establishes such denial than it establishes to the contrary. It simply establishes a silent record, which is insufficient upon which to bottom a reversal.
The rule in these cases was neatly put in Ahmed v. Travelers Indemnity Co., 516 So.2d 40 (Fla. 3d DCA 1987):
An appellant has the burden to present a record that will overcome the presumption of the correctness of the trial courts findings, [citing] Where there is no record of the testimony of witnesses or of evidentiary rulings, and where a statement of the record has not been prepared pursuant to Florida Rules of Appellate Procedure 9.200(a)(3)(b)(3), a judgment which is not fundamentally erroneous on its face must be affirmed.
By almost a silent record here, save for orders of the trial court which on their face are not clearly reversible,[2] the appellants cannot, and did not, demonstrate reversible error in the judgment appealed from.
I would affirm.

. We conclude that this is a family feud, since it appears from the initial pleadings that appellant, Patricia Fodera is appellee's daughter, and that they are at swords point.

. It is difficult to see how the parties are prejudiced by the restraining order portion of the judgment even if, of itself, it may be erroneous,