PER CURIAM.
In response to appellant’s motion to set aside the initial final judgment, the trial court conducted a 3-day evidentiary hearing, resulting in the rendition of the judgment under review. Appellant has not furnished this court with a full transcript of the evidentiary hearing resulting in the judgment on appeal. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
The initial final hearing had been heard on the court’s uncontested hearing calendar, as the parties had entered into a written settlement agreement a few weeks earlier. At the conclusion of the hearing on appellant’s motion to set aside the judgment, the trial court apparently concluded that appellant brought the circumstances about which he complained on himself. There was testimony that appel- *678 lee advised appellant of the hearing before he departed, as well as impeaching circumstantial evidence, though biased, that appellant received written notice of the final hearing before his departure. Appellee testified that the written notice was delivered to his house before he left, not after. In any event, all of appellant’s contentions have actually been heard and decided by the trial court after the 3-day evidentiary hearing.
The resulting judgment under review appears to us to be intended as an amended final judgment. It provides that the court has jurisdiction, that the marriage is irretrievably broken and is dissolved, that the settlement agreement is valid, and that the parties are directed to comply with it. In denying the motion to set aside the final judgment, the court could properly amend the judgment.
AFFIRMED.
STONE and FARMER, JJ., concur.
GROSS, J., dissents with opinion.