PER CURIAM.
John Sutton, the husband, appeals the non-final order denying his motion to dismiss or abate the dissolution petition filed by Jann Sutton, the wife. We affirm.
The instant record reveals that the.husband’s motion to dismiss alleged that the wife’s dissolution petition, which was filed in Marion County, was subject to dismissal because (1) proper venue over the dissolution matter was in Okaloosa County, and (2) the wife failed to meet the residency requirement set forth in section 61.021 of the Florida Statutes (1995).[1] However, the instant record does not contain a transcript of the evi-dentiary hearing which was held on the husband’s motion or a stipulated statement of the facts as authorized by rule 9.200(b)(4) of the Florida Rules of Appellate Procedure. As a result, we must affirm the trial court’s order because the order is not fundamentally erroneous on its face. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
AFFIRMED.
PETERSON, THOMPSON and ANTOON, JJ., concur.

. See § 61.021, Fla. Stat. (1995)(to obtain a dissolution of marriage, one of the parties to the marriage must reside 6 months in the state before the filing of the petition).