PER CURIAM.
The trial court determined that appellee was entitled to the reconveyance of an easement over property originally conveyed by appellee’s predecessor in title to Broward County under section 255.22, Florida Statutes (Supp.1994). While the trial court found conflict between certain subsections of section 255.22, it resolved those conflicts in favor of appellee. We agree with the trial court that there are conflicts between subsections (3) and (5) of the 1994 statute. In 1997, the Legislature repealed each of these subsections, so the issue of the conflicting sections is not likely to recur. See § 255.22, Fla. Stat. (1997) (effective date May 15, 1995). Therefore, an analysis of these conflicting-sections would have little precedential value. This matter, however, can be resolved in a more direct manner, as the decision of the trial court can be affirmed if the evidence supports an alternative theory supporting the reconveyance. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). The subject easement was originally conveyed specifically “for a public road and/or other appropriate purposes incidental thereto,” and it was not used for that purpose. Subsection (4) of the statute provides that if the conveyance was “for the specific purpose of a street or sidewalk, the munici *405 pality’s or county’s failure to use the property gives rise to a conclusive presumption of abandonment.” Appellee was entitled to re-conveyance under this subsection of the statute.
Affirmed.
WARNER, KLEIN, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.