ALTENBERND, Judge.
Donna Hand appeals the trial court’s order reducing the child support obligation of her former husband, John Kushmer. She fíléd a timely motion to vacate this order in the trial court, which was denied. See Fla. Fam. L.R.P. 12.491(f). The order reducing child support was entered based on the written recommendation of the hearing officer, Wesley Pardue, who conducted a two-day hearing on the issue.
In moving to vacate the order, Ms. Hand did not provide the trial court with a transcript of the proceedings held before the hearing officer as required by Florida Family Law Rule of Procedure 12.491(h). Therefore, no transcript was available for the trial judge to review, and none appears in our record. In most appeals, such an omission results in an affir-mance because the appellant’s record is inadequate to demonstrate reversible error. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979).
However, in Gregory v. Rice, 727 So.2d 251 (Fla.1999), the supreme court stated, “if a party moves to vacate the order as provided by the rule, the trial judge must review the entire, record of the proceedings, including listening to the electronic recording of the proceedings if warranted.” 727 So.2d at.255 (emphasis supplied). Ms. Hand’s motion to vacate merely challenges the amount of child support and does not raise the due process concerns regarding incarceration for contempt discussed in Gregory. However, we are not certain whether Gregory requires the trial judge to review the electronic recordings in all cases of motions to vacate where the recordings might convince the trial judge to alter the ruling or whether this review is only “warranted” in those cases involving issues of contempt.
In this case, the trial judge clearly did not review the recordings when he denied *296 the motion to vacate prior to the supreme court’s decision in Gregory. We could not remand this proceeding to the trial judge to review the tapes pursuant to Gregory because he is no longer available to perform that trial court function. In an abundance of caution, we ordered the record to be supplemented with the electronic recording of this two-day hearing, and reviewed de novo the recording in its entirety. We find no error in the modification of child support and therefore affirm.
Ms. Hand also appeals two other orders of the trial court, which we affirm without discussion.
Affirmed.
PATTERSON, A.C.J., and CASANUEVA, J., Concur.