PER CURIAM.
Appellant was convicted of D.U.I. and appeals on three grounds. He argues that the trial court erred in admitting a videotape of the incident, in allowing the prosecutor to argue in closing that he had “actual physical control of the vehicle” and in providing a jury instruction to the same effect. We affirm on all issues.
Prior to trial, appellant sought to exclude the audio portion of a videotape of the D.U.I. incident on the grounds that the officer who made the tape and spoke thereon would not be testifying at trial. However, the defense has neglected to include in the record a copy of the tape and failed to articulate at trial, in his brief, or otherwise, any prejudicial statements contained therein. Therefore, the issue is not preserved. See Mitchell v. State, 734 So.2d 450, 452 (Fla. 4th DCA 1999)(issue of whether evidence should be excluded due to its prejudicial impact was not preserved where not argued below); see also Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
In his second point, appellant notes that the trial court, on its own, changed the standard jury instruction on the first element of D.U.I. The standard instruction requires either that the defendant was “unlawfully driving” or was “in actual *1188 physical control of a vehicle.” Because the state’s sole theory was that appellant was observed actually driving the vehicle while intoxicated, the trial court deleted the language “in actual physical control of’ from the instruction, believing it would confuse the jury. As a result of this change, appellant claims that the trial court erred in allowing the state to argue in closing that the first element of D.U.I. requires either that the defendant was “unlawfully driving” or was “in actual physical control of a vehicle.” Appellant also claims that it was error to include this phrase in the jury instruction. The trial court included the language when reading what the state charged, but deleted “actual physical control” when instructing on the element of the offense.
This language is a correct statement of law and thus does not constitute error. See § 316.193(1), Fla. Stat. (1997). Even if it were error, it was harmless. See § 924.051(7). Appellant has failed to show any resulting prejudicial harm and there was abundant evidence of appellant driving under the influence. We therefore affirm.
WARNER, C.J., STONE, J., and COX, CYNTHIA L., Associate Judge, concur.