PER CURIAM.
Luz Ferguson, the former wife, appeals an order modifying custody. We affirm.
The former wife contends that the modification was granted at a hearing which had been noticed for another purpose. She says that without proper notice, she could not prepare for the hearing. She points out that the order granting change of custody does not recite the date of the hearing on modification.
We conclude that the former wife’s claim is refuted by the record. The former husband filed a petition for change of custody. The record contains an order specially setting the matter for trial on November 4, 1999, and an order denying continuance which recites that the “former wife was instructed on 9/16/99 that [the] trial was specially set for November 4, 1999, and no continuance would be granted.” The guardian ad litem’s post-trial motion for discharge (which the court granted) recited that the trial was November 4-5, 1999, and that the court took the matter under advisement.
What may have confused the former wife is that during a March 2000, hearing on another matter, the trial court gave the parties the written order changing custody, which had remained under advisement since the November 1999 hearing.* We think it is plain that the former wife had proper notice of the trial of the petition for change of custody, and reject her claim of lack of notice.
Affirmed.

 The former wife has not filed a transcript of either the November or March hearing, see Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979), but the present record allows us to determine that the trial of the modification occurred in November 1999 not March 2000.