PER CURIAM.
We affirm the order of the trial court denying relief from a dissolution of marriage judgment. On the first issue, the record does not reflect any evidence that the former wife fraudulently failed to disclose the amount of money she receives as social security benefits for the parties’ child. In fact, the former wife attached a letter to her financial affidavit disclosing this information. Further, there is no transcript of proceedings to indicate that she testified contrary to the information contained in and attached to her affidavit. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
As to the second issue, regarding the denial of the motion for rehearing on establishing the statement of evidence to be used in lieu of a transcript for appeal, there is no provision for a motion for rehearing of an order settling a statement of evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). Further, appellant sought to vacate the order denying rehearing because the trial judge recused himself at appellant’s request. However, even assuming that the subsequent recusal prevents that judge from denying the motion for rehearing as to the statement of evidence for appeal, such a situation would leave appellant with no settled statement of evidence and thus no substitute of a transcript of proceedings on which to base an appeal. We are not aware of any authority that allows a successor judge to settle contested questions of evidence received in a proceeding over which the judge did not preside.
Finally, appellant also challenges the trial court’s denial of the motion to vacate the general master’s report finding him in contempt for failure to pay child support. However, he again fails to include in this appeal the general master’s report or the transcript of proceedings before the master, or other documents in the record related to this issue. We therefore affirm. See Applegate, 377 So.2d at 1152.
WARNER, C.J., STONE and HAZOURI, JJ., concur.