POLEN, J.
Paul Kerzner (“Kerzner”) filed a complaint for an Accounting, Fraud, and Conversion against his aunt, Barbara Lerman (“Lerman”), alleging that she unduly influenced his grandmother to distribute to his cousins money and property to which he was entitled under a trust agreement. That complaint, as well as the amended complaint, was subsequently stricken as a sham pleading and dismissed. Thereafter Lerman filed a motion to tax fees and costs pursuant to section 57.105, Florida Statutes.
The motion specifically requested that the court “enter an award of attorney’s fees and court costs in favor of the Defendant and against the Plaintiff....” The trial court entered an order granting the motion for fees and costs and provided that Lerman shall recover the fees from Paul Kerzner. For the reasons discussed below, we affirm the trial court’s order.
As his initial point on appeal, Kerzner contests the trial court’s entry of the order requiring him to be solely responsible to pay the fees and costs awarded to Lerman. Kerzner contends the trial court should have assessed half of the fees against his attorney.
Section 57.105, Florida Statutes, provides in part as follows:
1) Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
*1187 However, the losing party’s attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to. the existence of those material facts.
§ 57.105, Fla. Stat. (1999)(emphasis added).
Although the statute provides that fees and costs awarded thereunder will be awarded against the party and the attorney, such a request was not made in this case. The wording of Lerman’s motion, and her arguments before the trial court, specifically sought fees against the party, only. Nor does Lerman argue before this court that the order is improper. For that reason, we hold that Lerman waived her ability to seek fees jointly assessed against the party and counsel as contemplated by section 57.105, Florida Statutes.
Similarly, Kerzner has also waived this argument. There is no indication in the record that Kerzner raised this argument to the trial court. As discussed in more detail below, we recognize the likelihood that Kerzner may not have been aware that such dual responsibility was an option, as we can think of no logical reason for not asking for such division. Nevertheless, the ability to challenge the order in this regard has been waived.
Kerzner next alleges the trial court erroneously included the costs and fees accrued in litigating the fee issue in the amount of the total fee award. Lerman asserts that the fee award does not include such fees and costs. In the absence of a transcript of the fee hearing, and in light of our inability to identify error on the face of the record, we affirm the order in this regard. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Upon review of this issue, we feel compelled to note our concern with the wording of the language of section 57.105, Florida Statutes, in that it appears to set up an inherent conflict between a client and his or her attorney if this particular issue is raised at a fee hearing. A client may not know the statute allows an attorney to bear one half of the burden of such a ruling. In that same vein, clearly the language of the statute provides no encouragement, and certainly no financial incentive, for an attorney to advise a client that a motion may make the client and the attorney jointly liable for the payment of such fees. It seems that an ethical duty may arise on the part of the attorney to bring this matter to the client’s attention and perhaps go so far as to recommend getting independent counsel. The irony of that suggestion, we recognize, is that it necessarily generates additional fees. Although we are confident the legislature was aware of this when drafting the statute, it may behoove the legislature to revisit and clarify this matter to avoid future litigation over such conflicts.
Last, in regard to the motion made seeking appellate attorney fees, the argument presented on appeal was not of such a nature to warrant the award of appellate fees. See generally Visoly v. Sec. Pac. Credit Corp. 768 So.2d 482 (Fla. 3d DCA 2000)(“[A] “frivolous” appeal is one which raises arguments a reasonable lawyer would either know are not well grounded in fact, or would know are not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law.”) We therefore deny the appellee’s motion for appellate attorney’s fees pursuant to section 57.105, Florida Statutes.
AFFIRMED.
WARNER and GROSS, JJ., concur.