PER CURIAM.
The former husband, Christopher J. Connor, appeals a final judgment modifying his alimony obligation to Patricia S. Connor, his former wife. The original final judgment of dissolution of marriage *1217 required the former husband to pay $500 per month in permanent alimony to the former wife. The former husband filed a supplemental petition seeking to reduce his alimony obligation to his former wife, citing an involuntary change in his financial circumstances. After a non-jury trial, the court entered a supplemental final judgment, reducing the former husband’s alimony obligation to $875 per month. The former husband now appeals that supplemental final judgment, contending that the trial court should have eliminated his alimony obligation entirely, or reduced it further.
Because no transcript exists of the hearing at which the former husband’s supplemental petition was considered, our review is limited to the pleadings, judgment dissolving the marriage, post-judgment orders and other matters contained in the record. As the appellant, the former husband has the burden of demonstrating error. In the absence of an adequate transcript on appeal, a judgment that is not fundamentally erroneous must be affirmed. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). Nor has the former husband complied with Florida Rule of Appellate Procedure 9.200(b)(4), which governs the preparation of a record when no transcript of the proceedings is available.
As the supreme court said in Applegate:
When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not [sic] properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.
377 So.2d at 1152.
AFFIRMED.
SAWAYA, C.J., PLEUS and ORFINGER, JJ., concur.