SALTER, J.
 

 Georgette Campbell, petitioner/wife in the circuit court, appeals one aspect of the final judgment dissolving her marriage to the appellee, Walford Campbell. Because the issue affected the status and repayment of the parties’ line of credit with SunTrust Bank, the Bank was permitted to intervene (and is aligned here as an appellée).
 

 For two independently sufficient reasons, we affirm the final judgment. First, the trial judge entered the judgment after four days of trial that included evidence relating to the line of credit with the Bank. No transcript or reconstructed record of the testimony was filed here, with the result that “the appellate court can not
 
 *680
 
 properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory.”
 
 Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150, 1152 (Fla.1979). Second, it is undisputed that the line of credit with the Bank was originally used by the parties during the marriage to further their real estate investments. The former husband and former wife were jointly and severally liable for that debt. The trial court found that the former husband wrongfully drew, and then dissipated, approximately $110,000 from the line of credit.
 

 The equitable distribution of the parties’ liabilities (no less than the distribution of their assets) is within the trial court’s broad discretion.
 
 McCants v. McCants,
 
 984 So.2d 678, 683 (Fla. 2d DCA 2008). The trial court apportioned most of that debt to the former husband.
 

 The former wife’s argument that the trial court should apportion the face amount of the indebtedness to the Bank (rather than the substantially lower amount the Bank agreed to accept) is obviously inequitable. The trial court correctly reasoned that the arrangement with the Bank resulted in a savings redounding to the benefit of both parties, and the liability was appropriately apportioned in section II of the final judgment.
 

 Affirmed.