PER CURIAM.
Terrance A. Moran appeals a final order of the Reemployment Assistance Appeals Commission (RAAC) affirming the appeals referee’s ruling that he was disqualified from receiving unemployment benefits. The RAAC adopted the referee’s findings that Moran was discharged for misconduct connected with work due to his chronic absenteeism. We affirm.
Moran argues on appeal that the referee’s detailed findings are not supported by competent, substantial evidence. However, we cannot review the evidentiary basis for the referee’s findings because Moran did not designate a transcript of the hearing for inclusion in the record on appeal. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (holding that without record of trial proceedings, court cannot review underlying evidence so as to conclude that trial court’s judgment is not supported by evidence or by alternative theory). Because there is no transcript, we must assume that the referee’s findings of work-related misconduct are supported by the evidence. See Roach v. Unemployment Appeals Comm’n, 873 So.2d 617 (Fla. 5th DCA 2004).
Moran also argues that his former employer waived its right to contest an initial decision to grant benefits at an evidentiary hearing by failing to initially provide separation information pursuant to section 443.151(3)(a), Florida Statutes (2011). Moran misreads the statute. Although an employer who does not timely provide separation information when first requested to do so is not eligible to have its “account relieved of benefit charges as provided in s.443.131(3)(a),” the employer may still challenge an initial benefits determination pursuant to section 443.151(3)(c) by filing an “appeal or request for reconsideration” within 20 days after being mailed notice of the decision. Id. The record reflects that Moran’s former employer timely appealed the initial determination.
AFFIRMED.
LAWSON, EVANDER and COHEN, JJ., concur.