377 So.2d 1150 (1979)
Albert V. APPLEGATE et Ux., Petitioners,
v.
The BARNETT BANK OF TALLAHASSEE, Respondent.
No. 55345.
Supreme Court of Florida.
October 4, 1979.
Rehearing Denied January 22, 1980.
*1151 Marion D. Lamb, Jr., and Guyte McCord III of Spector & Tunnicliff, Tallahassee, for petitioners.
Julius F. Parker, Jr. of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for respondent.
ADKINS, Justice.
By petition for writ of certiorari we have for review the decision of the district court of appeal in Barnett Bank of Tallahassee v. Applegate, Case No. HH-210 (Fla. 1st DCA October 17, 1978), which directly conflicts with Okun v. Stuart House Condominium Association, Inc., 362 So.2d 713 (Fla. 3d DCA 1978); Moore v. Sky Realty, Inc., 339 So.2d 299 (Fla. 3d DCA 1976); Steinhauer v. Steinhauer, 336 So.2d 665 (Fla. 4th DCA 1976); Buckalew v. Buckalew, 115 So.2d 564 (Fla. 2d DCA 1959); and Bolick v. Sperry, 88 So.2d 495 (Fla. 1956). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
On January 26, 1974, Albert V. and Phyllis J. Applegate entered into an agreement with Lewis C. Schacht. Among other things, the agreement provided for the installment sale of 550 head of cattle to Schacht. The Applegates filed suit against Schacht on February 20, 1976. The Barnett Bank of Tallahassee was joined as a defendant due to its December 28, 1975, security agreement with Schacht and related UCC financing statement. In late April, 1976, after the filing of the suit, Schacht sold at least 140 of the cattle and paid Barnett Bank the sale proceeds of $16,233.36 and $6,496.75.
After a nonjury trial without a reporter, the circuit court found that the Applegates' lien on the cattle was superior to Barnett Bank's lien. The court also found and ordered the proceeds of the April sales of the cattle to be held in trust for the Applegates to the extent of any deficiency on the sum still due them. Barnett Bank appealed but did not bring forward any substitute for a trial transcript. See Fla.R.App.P. 3.6(h) and 9.200(b)(3).
The First District Court of Appeal ruled that the Applegates had lost any priority to the proceeds of the sale of the cattle because their financing statement did not cover proceeds from a sale of collateral and they failed to perfect their security interest within ten days after the sales as required by Section 679.306(3)(b), Florida Statutes (1977). The district court of appeal concluded that "the [trial] court's finding that a constructive trust arose by operation of *1152 law is not supported by the facts." The appellate court reversed the imposition of a constructive trust. Barnett Bank of Tallahassee v. Applegate at 7, 8.
In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error. The Applegates correctly point to the lack of a trial transcript or a proper substitute as fatally flawing the appellate court's ruling. The written final judgment by the trial court could well be wrong in its reasoning, but the decision of the trial court is primarily what matters, not the reasoning used.
Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it. E.g., 3 Fla.Jur.2d § 296; In Re Yohn's Estate, 238 So.2d 290 (Fla. 1970); Goodman v. Goodman, 204 So.2d 21 (4th DCA Fla. 1967); Escarra v. Winn Dixie Stores, Inc., 131 So.2d 483 (Fla. 1961). However, a misconception by the trial judge of a controlling principle of law can constitute grounds for reversal. E.g., Aronson v. Siquier, 318 So.2d 452 (3d DCA Fla. 1975); Green v. Putnam, 93 So.2d 378 (Fla. 1957); Knight v. City of Miami, 127 Fla. 585, 173 So. 801 (1937).
The trial court's imposition of a constructive trust could well be supported by evidence adduced at trial but not stated in the judge's order or otherwise apparent in the incomplete record on appeal. The question raised by Barnett Bank clearly involves underlying issues of fact. When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error. E.g., South Florida Apartment Association, Inc. v. Dansyear, 347 So.2d 710 (3d DCA Fla. 1977); Strickland v. Lewis, 328 So.2d 244 (1st DCA Fla. 1976); Troutman v. Couture, 98 Fla. 889, 124 So. 443 (1929). See also cases cited above for conflict.
The order of the district court of appeal is quashed and the cause remanded for entry of an order affirming the final judgment of the trial court.
It is so ordered.
OVERTON and ALDERMAN, JJ., and VANN, Associate Justice, concur.
BOYD, J., dissents.
ENGLAND, Chief Justice, concurs specially:
While I concur in the resolution of the legal issue in this case, I would remand to the district court for further proceedings not inconsistent with this decision. I would not direct the entry of an order affirming the trial court.