PER CURIAM.
This is an appeal from a conviction for grand theft. We affirm because the record before us is inadequate to demonstrate reversible error.
The appellant filed the record on appeal in November 1979 and filed his brief in December 1979. Shortly thereafter, the State moved to strike the appellant’s brief because there were no appropriate citations to the record contained in the brief’s Statement of the Facts. The State also requested that the appellant be compelled to file additional transcripts of the proceedings because that portion of the transcript which had been filed did not pertain to the issues raised by the appellant.
On December 26,1979, this court issued a Show Cause Order to the appellant. The appellant, through his attorney, responded to this Order on January 3, 1980, wherein he conceded the inadequacy of the record on appeal and requested 30 days to file additional portions of the trial transcript.
On April 1, 1980, this court “determined that this appeal cannot be decided on its merits without certain additional transcript . . .,” and it was ordered that within 30 days, the appellant “supplement the record on appeal with any documentation necessary to support his point on appeal. . . . ” The appellant was also ordered to “file an amended statement of the facts with appropriate references.” In May 1980, the appellant’s attorney requested an extension of time to comply with the preceding Order. On May 16, 1980, this court issued a memorandum to counsel extending the time to comply with the April 1, 1980 Order up to and including June 18, 1980.
The appellant has not complied with this court’s Order of April 1,1980. Fla.R.App.P. 9.200(f)(2) provides that “[i]f the court finds that the record is incomplete it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined because the record is incomplete until an opportunity to supplement the record has been given.” Such an opportunity was provided herein, but not taken advantage of. Therefore, the appellant’s conviction is affirmed because the record before this court is inadequate to demonstrate reversible error. See Applegate v. Barnett Bank, 377 So.2d 1150, 1152 (Fla.1979).
ROBERT P. SMITH, Jr., and THOMPSON, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.