LETTS, Judge,
specially concurring:
Ever since the Supreme Court issued Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979) I have been fascinated by the apparent tension between that decision and Florida Appellate Rule 9.200(f)(2).
In the instant case, the appellant has not favored us with a transcript of the vital hearing after which the final judgment of default was entered. Applegate v. Barnett Bank, supra, unequivocally holds: no adequate record, no reversal. However, Rule 9.200(f)(2) says if the record is incomplete, the reviewing court “shall” direct its completion and provide an opportunity to supplement it.
The Supreme Court obviously saw no tension for it ignored the rule altogether in Applegate. However, I think the Supreme Court was correct and the comment to the rule is helpful to resolve my uncertainty.
The comment notes that the rule “is not intended to cure inadequacies in the record which result from the failure of a party to properly make [one].” What is intended is that if an adequate record does exist and the appellant has simply not brought it up to us, an opportunity should be afforded to cure such an omission.
In the case before us now the appellant failed to make an adequate record so he is out of luck.