HERSEY, Chief Judge.
From a finding that a promissory note merged into a settlement agreement and that appellant breached that agreement by *198 refusing to permit appellee “to come in and remove inventory” in satisfaction of the note, the obligor takes this appeal.
Appellee filed no cross appeal of the trial court’s finding that the promissory note merged into the settlement agreement. It is clear, however, that the promissory note remains a viable instrument, there having been no accord and satisfaction, novation or modification by substitution. The settlement agreement merely established alternative times and methods of payment.
There is no support for the finding in the final judgment that appellant breached the settlement agreement by preventing appel-lee from removing any inventory. Indeed, there is no showing of a demand for inventory by appellee. Accordingly, the finding of breach of the settlement agreement must fail. The debtor, however, ackhowl-edges the indebtedness although he disputes the way in which it is to be paid.
We are convinced by our review of the record that the money is owed and that the appellee is not limited to recovering only inventory or proceeds from the sale of inventory. Accordingly, we conclude that the final judgment in favor of appellee was the right decision, albeit for the wrong reason. As stated in Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979),
The written final judgment by the trial court could well be wrong in its reasoning, but the decision of the trial court is primarily what matters, not the reasoning used.
Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it.
Accordingly, we affirm.
LETTS and GLICKSTEIN, JJ., concur.