HERSEY, Chief Judge,
dissenting.
Michael Stutzke entered into a contract with Deerfield Groves Company whereby Stutzke was granted the exclusive right to distribute Orchid brand grapefruit in south Florida. Deerfield Groves Company sold its business to Deerfield Groves Partnership, et al. Deerfield Groves Partnership then took the position that Stutzke’s contract was for a single growing season and not, as Stutzke maintained, a continuing one (in perpetuity).
Stutzke filed an action for damages against Deerfield Groves Company for breach of the continuing contract and against Deerfield Groves Partnership for tortious interference with a business and contractual relationship. Summary judgment was entered adverse to both claims.
I would affirm as to the claim against Deerfield Groves Company. Regardless of the term of the contract (whether for only a single growing season or in perpetuity) there is obviously no prohibition in the contract, express or implied, against a sale of the entire business, including Stutzke’s contract, to another. The fact that the purchaser, Deerfield Groves Partnership, refuses to recognize Stutzke’s rights (if any) does not give rise to a cause of action against the seller, Deerfield Groves Company. For that reason I respectfully dissent from that portion of the majority opinion holding to the contrary.
Stutzke also sought damages against the purchaser of the business, Deerfield Groves Partnership, for tortious interference. The Partnership acquired the business of the Company. One of the assets of the business was the Stutzke contract. Taking the position that the term of this contract expired at the end of one growing season, Deerfield Groves Partnership made other arrangements for distribution of Orchid grapefruit in south Florida. Negotiating for and acquiring the business of Deer-field Groves Company clearly does not constitute an intentional and unjustified interference with the advantageous business relationship between Stutzke and Deerfield Groves Company. Moreover, at the time Deerfield Groves Partnership refused to continue the arrangement with Stutzke, Deerfield Groves Company did not have a relationship with Stutzke because it had terminated upon closing of the sale of the Company to the Partnership. Consequently, Stutzke does not have a cause of action against Deerfield Groves Partnership for tortious interference. I therefore respectfully dissent to this aspect of the majority opinion as well.
While my reasoning does not exactly parallel that of the summary final judgment, the end result is the same and I would therefore affirm the holding of the lower court in its entirety. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).