GLICKSTEIN, Judge,
dissenting.
The longer I am here, the more concerned I become as to whether we appellate judges give lip service or real service to the basic principles of appellate review that require us to view the trial court’s judgment with a presumption of validity, and to affirm if the pleadings and evidence support the judgment under any theory or principle of law. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
I perceive the present case to be one requiring application of these principles, particularly in light of appellant’s failure to give the trial court the opportunity to act directly and expressly upon what appellant argues here for the first time. Specifically, I am of the opinion that appellant should be precluded from arguing that the law relating to covenants is inapplicable to the instant case as my review of the record discloses that appellant did not make this argument at the trial level, thus depriving the trial court of an opportunity to consider it.
Appellant Fort Lauderdale & Southern Development Corporation owns the Holiday Inn located north of the vacated right-of-way. Appellee Beach Boys Plaza, Inc. is the current lessee of the property south of the right-of-way. Only the southern ten feet of the right-of-way is in dispute between these parties, both of which claim ownership of the leasehold interest thereon.
On the merits, Beach Boys points out that the law of covenants does apply to the facts of the instant case because the December 9, 1975, document executed between appellant and Varuna, Inc., constituted an agreement to perform a future act involving real estate. Beach Boys cites to various definitions of the term “covenant” which support its position that said term relates principally to promises to do or to not do certain specified acts contained within instruments pertaining to real estate. Paragraph two of the December 1975 agreement contains the covenant that “[u]pon the vacating of Southeast Fourth Street by the proper governmental authorities, Varuna agrees to execute all necessary documents to transfer its interest in Southeast Fourth Street to FORT LAUD-ERDALE.” In further support of its position that the trial court properly relied on *562 the law of covenants, Beach Boys notes that the option agreement, dated April 30, 1975, entered into by appellant and Varuna, Inc., provides that the parties promised that at some point in the future, they would
Enter into such agreements as may be necessary to convey to FLS [Fort Laud-erdale & Southern Development Corporation] any interest which Varuna has or may acquire in the property underlying said South East Fourth Street. In the event such conveyance takes place subsequent to the closing contemplated hereunder,- such property underlying South East Fourth Street shall be conveyed by Varuna to FLS without payment of any further consideration by FLS to Varuna and free and clear from any and all mortgages.
In light of the existence of the agreements between Varuna, Inc., and appellant promising the performance of specified acts relating to the subject real estate, Beach Boys claims that the trial court’s application of principles of law relating to covenants was correct.
In order to determine whether the December 9, 1975 agreement between appellant and Varuna, Inc., is in fact a covenant (a promise to do something in the future) or merely a present assignment of existing rights, the entire agreement was read and construed. The agreement reads as follows:
. THIS AGREEMENT made and entered into this 9th day of December, 1975, between FORT LAUDERDALE & SOUTHERN DEVELOPMENT CORP., an Ohio corporation authorized to do business in the State of Florida, hereinafter called “Fort Lauderdale”, and VARUNA, INC., a Florida corporation, hereinafter called “Varuna”.
WITNESSETH:
WHEREAS, Fort Lauderdale owns an interest in certain real property adjoining Southeast Fourth Street, bounded on the East by Atlantic Boulevard and on the West by Seabreeze Boulevard, in Fort Lauderdale, Florida, and
WHEREAS, Varuna owns an interest in certain real property adjoining Southeast Fourth Street, bounded on the East by Atlantic Boulevard and on the, West by Seabreeze Boulevard, in Fort Lauder-dale, Florida, as described in Exhibit “A”,
WHEREAS, upon the vacating of Southeast Fourth Street by the proper governmental authorities, Varuna agrees that all its interest in the said Southeast Fourth Street belongs to Fort Lauderdale.
NOW THEREFORE, in consideration of the premises and in consideration of Ten Dollars ($10.00) and other valuable consideration, receipt of which by each is hereby acknowledged, the parties do hereby agree as follows:
1. Varuna does hereby assign, transfer and set over unto Fort Lauderdale all of its right, title and interest in Southeast Fourth Street as is bounded on the East by Atlantic Boulevard and on the West by Seabreeze Boulevard in Fort Lauderdale, Florida.
2. Upon the vacating of Southeast Fourth Street by the proper governmental authorities, Varuna agrees to execute all necessary documents to transfer its interest in Southeast Fourth Street to Fort Lauderdale.
3. Fort Lauderdale hereby accepts all the interest of Varuna in Southeast Fourth Street, bounded on the East by Atlantic Boulevard and on the West by Seabreeze Boulevard, in Fort Lauder-dale, Florida.
(Emphasis added).
The third “WHEREAS” clause of the agreement clearly provides that upon the vacating of the alleyway by the governmental authorities, Varuna agreed that all of its interest in said alleyway would belong to appellant. The language “upon the vacating,” as I read it, implies that upon the occurrence of this future event, then Varuna’s interest would belong to appellant. Paragraph two of the agreement can be read in a manner consistent with this interpretation. It provides that once the anticipated vacating of the alleyway oc *563 curred, then Varuna would execute all documents necessary to transfer its interest in the alleyway to appellant. In my opinion, the most reasonable interpretation of the agreement is that Varuna promised to do something in the future and only upon the occurrence of the anticipated event, i.e., the vacating of the alleyway by the governmental authorities, and therefore, the agreement is in fact a covenant.
The option agreement entered into by Varuna and appellant on April 30, 1975, further supports this interpretation of the agreement. Paragraph six of the option agreement provides that:
The parties contemplate that South East Fourth Street which borders the property subject to the Austin Lease on the north will be vacated either before or after the closing contemplated by this Agreement. Whether said vacation takes place prior to or subsequent to the closing, the parties agree that the vacated property shall remain the property of FLS and shall not become or remain the property of Varuna. The parties agree to enter into such agreements as may be necessary to convey to FLS any interest which Varuna has or may acquire in the property underlying said South East Fourth Street. In the event such conveyance takes place subsequent to the closing contemplated hereunder, such property underlying South East Fourth Street shall be conveyed by Va-runa to FLS without payment of any further consideration by FLS to Varuna and free and clear from any and all mortgages.
(Emphasis added). My reading of the option agreement leads me to hold the trial court could properly conclude that the parties anticipated the government vacating its use of the alleyway; and that they wanted to formalize the action they would take in the future, if and when such event occurred. The trial court could reasonably have been persuaded by Beach Boys’ characterization of the December 9, 1975 agreement as a covenant rather than as an assignment of a presently-held leasehold interest.
I would affirm the trial court’s judgment.