# COLLINS v GENERAL MOTORS ACCEPTANCE CORPORATION

## Case No. 89-16844 21

Seventeenth Judicial Circuit, Broward County

February 12, 1990

### APPEARANCES OF COUNSEL

**William D. Beamer, Esquire,** for appellant.

**Frank Montefusco, Esquire,** for appellee.

### OPINION OF THE COURT

DALE ROSS, Circuit Judge.

### *FINAL ORDER*

This cause having come on Appellant's appeal of the County Court's Order Dismissing Defendant/Counter-Plaintiff's Counter-Claim with Prejudice. Upon reviewing the Record on Appeal, this Court finds as follows:

1. On May 17th, 1989, the County Court entered an Order dismissing Defendant/Counter-Plaintiff's Counter-Claim on intentional infliction of mental distress with prejudice. Subsequently, on June 16th, 1989 the Notice of Appeal was filed.

2. On August 1st, 1989, the Appellant filed a Motion for Extension

of Time to File Initial Brief and Notice of Absence, which was granted by this Court on August 8th, 1989, allowing for 30 days from the date of this Order in which to file his Initial Brief.

3. Appellant's attorney in his letter dated October 30th, 1989, advised this Court that he had asked the attorney for Appellee for an extension of time in which to file the Brief. Pursuant to such request, on November 1st, 1989 an Agreed Order Granting Motion for Extension to File was entered by this Court, granting Appellant "an additional extension of time up to October 30, 1989 which was the date on which Appellant's Initial Brief was filed."

4. The Appellant filed Directions to Clerk to include the items from the original record pursuant to Rule 9.200. The Appellant has failed to provide a sufficient record on appeal. The following documents are not included in the record: the Complaint; exhibits; Answer, Affirmative Defenses and Counterclaim Attachments; Plaintiff/Counter-Defendant's Amended Motion to Dismiss; Order on Motion to Dismiss and Motion to Strike; Memorandum of Law in support of Plaintiff's Motion to Dismiss Defendant's Counter-Claim and Memorandum of Law.

5. The burden to ensure that the record is prepared and transmitted in accordance with the rules shall be on the Appellant, Fla. R. App. P. 9.200(e).

6. The decision of the trial court carries with it the presumption of correctness. *Applegate v Barnett Bank of Tallahassee,* 377 So.2d 1150 (Fla. 1979).

7. The lower court's decision in this case involves underlying issues of fact. Without a record of the trial proceeding, the appellate court can not properly resolve the factual issues so as to conclude that the trial court's judgment is not supported by the evidence. *Applegate,* 377 So.2d 1150.

8. The Appellant, Carlyn Collins, having failed to pay the Clerk's fee for the preparation of the record and further failing to provide this Court with the record in accord with Fla. R. App. P. 9.200, 9.110(e) and 9.140(d).

Based on the foregoing, it is

ORDERED AND ADJUDGED that the appeal of this cause be and the same is hereby DISMISSED and the decision of the lower court be AFFIRMED.

DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 12th day of February, 1990.