POLEN, Judge,
concurring in part and dissenting in part.
I agree with the majority’s per curiam affirmance for the most part. This is necessary in light of appellant’s failure to provide a transcript of the hearing on temporary relief. There is no record by which appellant can meet her burden of showing the trial court erred, except as noted below. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). But for the absence of a transcript, I might be inclined to reverse that portion of the temporary award which defers any consideration of temporary attorneys fees for the wife (in whole or in part). See Robbie v. Robbie, 591 So.2d 1006 (Fla. 4th DCA 1991). Just on the face of the order it appears that the husband has a superior ability to pay.
Where I disagree with the majority’s affir-mance is in regard to the provision that the parties list the marital residence for sale with a mutually agreeable broker. This issue was not noticed for the temporary relief hearing. While the husband seeks partition and sale of the marital home upon a final hearing, the wife seeks the exclusive possession of the home. I would hold it error to determine this issue, unnoticed, upon a temporary relief hearing.