ALTENBERND, Acting Chief Judge.
Dawn Durkee, n/k/a Dawn Gintz, appeals an order dismissing her lawsuit against Connie J. DeHart-Manning. Mrs. Durkee and Mrs. DeHarh-Manning were involved in an automobile accident in 1993. Mrs. Durkee retained D. Keith Hammond to represent her. Apparently, he began negotiations with Mrs. DeHart-Manning’s insurance company but was unable to reach a settlement. After settlement negotiations broke down in August 1995, the case remained dormant for quite some time. An affidavit of the claims representative handling the file states that the in *180 surance company closed its file due to inactivity.
Then, on August 26.1997, one day prior to the expiration of the four-year statute of limitations, Mrs. Durkee’s attorney filed suit against Mrs. DeHart-Manning. Mrs. DeHart^-Manning was not served with the lawsuit during the 120-day period provided by Florida Rule of Civil Procedure 1.070(j), even though she had an established residence in Hillsborough County. In May 1998, Mrs. DeHart-Manning still had not been served. She appeared specially, moving to dismiss the suit for failure to accomplish service. On August 17, 1998, Mrs. Durkee’s attorney finally served the complaint on Mrs. DeHart-Manning and filed a response to the motion to dismiss stating that he “was under the impression that actual service would not be a problem.”
Mrs. DeHart-Manning filed affidavits in support of her motion to dismiss. On October 28, 1998, the trial court held a hearing to determine whether Mrs. Durkee could show good cause why service had not been obtained. The trial court dismissed the case after this hearing, and Mrs. Dur-kee appealed.
Mrs. Durkee’s initial brief relied upon a transcript of the hearing, even though it was not included, in the record on appeal. This court ordered Mr. Hammond to make arrangements with the clerk of circuit court to supplement the record with this transcript before the end of October 1999. No supplemental record was ever filed with this court. Based upon the record before this court, we affirm the trial court’s order. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979).
Affirmed.
BLUE and STRINGER, JJ„ Concur.