GROSS, J.
Douglas Whetstine appeals a final judgment of paternity. We reverse and remand on one point.
The father contends that the trial court violated his due process rights, by granting sole parental responsibility of the child to the mother, even though she filed no pleadings requesting such relief. We do not read the final judgment as awarding sole parental responsibility. Although the court indicated that it was “not in the best interest of the minor child that the parties have shared parental responsibility,” the judgment recognized that no party sought that relief.
Instead, the judgment awarded shared parental responsibility to the parties. The judgment states “[e]ach parent shall share in all important decisions pertaining to the child’s health, education and travel. It is the intent of this final judgment that each parent shall fully cooperate with each other in making joint decisions relating to the child.” (Emphasis added). See § 61.046(15), Fla. Stat. (2003).
The father also contends that the following provision of the final judgment conflicted with the concept of shared parental responsibility: “[I]n the event the parties after discussing said issue are unable to agree on an issue which concerns the child’s health, education or travel, then it is the intent of the court order that the primary residential custodian has the right to make said decision without the necessity of court intervention.”
However, this court rejected a similar argument in Schneider v. Schneider, 864 So.2d 1193, 1194-95 (Fla. 4th DGA 2004). Here, while the mother has ultimate say over health, education, and travel issues when the parties cannot come to an agreement, the father is not precluded from seeking court intervention should the mother unreasonably wield this authority. Given the trial court’s observation of the hostility between the parties, this was a reasonable aspect of the final judgment.
The father next contends that the trial court erred in granting the mother’s motion to relocate with the minor child to the Tampa Bay area.
On this point, the father’s failure to produce a transcript of the trial, where evidence was taken, precludes appellate review. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979). This is not a case where an error of law appears on the face of the record. The trial court’s final judgment sets out a number of factual findings that support relocation.
Finally, the father argues that the trial court abused its discretion by ruling that he could not “drive an automobile with the minor child present unless another adult with a [valid] driver’s license” was present in the automobile. According to the final judgment, the trial court based this restriction on “the allegation concerning the father’s drinking habits.” The father’s drinking was a contested issue at trial. A restriction cannot be based on mere allegations. We remand this case to the trial court for reconsideration of this restriction, without prejudice to impose this or a similar restriction if supported by findings of fact. See Furman v. Furman, 775 So.2d 998 (Fla. 4th DCA 2000).
Affirmed in part, reversed in part, and remanded.
GUNTHER and POLEN, JJ„ concur.