FARMER, J.
The trial court found that it lacked jurisdiction over a foreign insurer, who had issued a policy insuring property having a permanent situs outside Florida against loss or damage, and dismissed the insurer from the action. The property owner argues that the court had jurisdiction under Florida’s “unauthorized insurers process law” because the policy was sent to him at his home in Florida. See §§ 626.904-626.912, Fla. Stat. (2005). We affirm.
These are the pertinent facts. The Michigan property owner has a residence in Palm Beach. Meanwhile he is constructing a house on real property he owns in Michigan. Acting through a Michigan insurance broker, he procured a policy of property insurance for the Michigan property. The property insurance policy also has a special provision for personal comprehensive coverage for the owner, including coverage for claims of slander. The insurer sent the completed policy to him in Florida through the Michigan broker. He made payment to the broker in' Michigan from his Florida residence.
The owner was sued in Florida for slander. He demanded that the Michigan insurer provide coverage and a defense under the Michigan policy. The insurer declined, so the owner filed suit in Florida against the Michigan insurer for policy benefits. The Michigan insurer objected to personal jurisdiction, showing that it is not licensed to sell insurance in Florida. It has no offices or agents here. It does not advertise to sell insurance in Florida.
The owner argued that Florida has jurisdiction over the Michigan insurer under the unauthorized insurers process law. Section 626.906(1) of that statute creates Florida jurisdiction over an unlicensed foreign insurer because of “the issuance or delivery of contracts of insurance to residents of this state.... ” § 626.906(1), Fla. Stat. (2005). The owner argued that the Michigan insurer issued and delivered its policy of property insurance for the Michigan property to owner at his Florida address, and therefore it is subject to Florida jurisdiction under this provision. We disagree.
Established principles of appellate review provide that a trial court’s decision will be upheld on appeal if any legal theory supports it. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Although the trial judge’s order of dismissal does not state the ground on which he granted the motion to dismiss, we think the trial judge’s decision should be sustained on the following basis.
Section 626.912(2) provides that the unauthorized insurers process law does not apply to suits arising out of any contract of insurance for “liability arising out of the ownership, operation or maintenance of any property having a permanent situs outside this state.” The owner’s suit seeks coverage under a contract of insurance against liability arising out of the ownership of property permanently located in Michigan. Like most property insurance, this policy also includes a provision for personal protection for the owner — in this instance, slander — that is incidental to the principal coverage of property insurance. We do not think that fact makes this foreign property insurance any less a property insurance policy. In our view, section 626.912(2) takes this action out of the foreign insurers process law.
On appeal the owner newly advances a theory of jurisdiction under the general Florida long arm statute. See § 48.193(l)(g), Fla. Stat. (2005) (“breaching a contract by failing to perform acts required by the contract to be performed in this state”). But as the Michigan insurer points out, this argument was never *198 advanced in the trial court and is being raised for the first time here. Accordingly it has been waived for appellate review.

Affirmed.

MAY, J., concurs.
KLEIN, J., dissents with opinion.