975 So.2d 1193 (2008)
D.J., Maternal Grandmother of D.E., Appellant,
v.
J.E. and P.E., Paternal Grandparents of D.E., Appellees.
No. 1D07-3711.
District Court of Appeal of Florida, First District.
March 6, 2008.
C. Erica White of Collins & White, Tallahassee, for Appellant.
Rosalyn Bonds Green, and Michael Rayne, Tallahassee, for Appellees.
*1194 PER CURIAM.
AFFIRMED.
VAN NORTWICK and ROBERTS, JJ., concur, BROWNING, C.J., Concurs With Written Opinion.
BROWNING, C.J., concurring.
I concur with the majority opinion and write only to give my abbreviated reasons for such concurrence.
First, Appellant failed to provide this court with a transcript of the lower court proceedings, which prohibits review of any discretionary factual determination by the trial court. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Appellant's other argument that the trial court should have consolidated her chapter 751 petition with Appellees' chapter 751 petition does not provide a basis for reversal. Appellant did not include her chapter 751 in the record on appeal, nor has she cited anything in the record that indicates that she requested such consolidation before the trial court. Finally, Fla. R. Juv. P. 8.205, relied upon by Appellant, is inapplicable here, because her chapter 751 petition does not constitute a dependency or termination proceeding that is governed by such rule.