GERBER, J.
 

 The appellants, who are assignees of the right to recover a mortgage foreclosure deficiency, filed a post-foreclosure motion to join the underlying action to seek a deficiency decree. The circuit court de
 
 *622
 
 nied the motion, stating in its order that it lacked jurisdiction to join the appellants in the action. The court’s order did not provide further detail. This appeal followed. We affirm.
 

 The appellants argue that the circuit court had jurisdiction to join them in the action. The appellants note that, in the foreclosure judgment, the court reserved jurisdiction to enter a deficiency decree. The appellants further rely on section 702.06, Florida Statutes (2008), which provides, in pertinent part:
 

 In all suits for the foreclosure of mortgages ... [,] the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency....
 

 § 702.06, Fla. Stat. (2008).
 

 We agree that, under section 702.06, the circuit court had the discretion, post-foreclosure, to allow the appellants to join the underlying action to pursue the deficiency decree. However, the appellants have not provided us with a transcript of the hearing before the circuit court to allow us to determine whether the court’s decision was supported by an alternative theory.
 
 See Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150, 1152 (Fla.1979) (“Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory.”).
 

 From our review of the limited record, we can speculate as to one alternative theory why the circuit court may have denied the motion for what it referred to as lack of jurisdiction. Along with the motion for joinder, the appellants filed a motion for deficiency decree which referenced the mortgagor’s bankruptcy. Perhaps the court believed that, due to the bankruptcy, any action against the mortgagor was automatically stayed.
 

 This alternative theory cannot be dispelled without a transcript of the hearing before the circuit court. Therefore, we are compelled to affirm. Our decision is without prejudice to the appellants’ right under section 702.06 to file a separate action to recover the deficiency, provided that no automatic stay exists due to the mortgagor’s bankruptcy.
 

 Affirmed.
 

 POLEN and MAY, JJ., concur.