STEVENSON, J.
After being terminated from his position as a captain with the St. Lucie County Sheriffs Office, appellant filed a petition for writ of mandamus seeking to compel the Sheriffs Office to either reinstate him or afford him a hearing before the review board, pursuant to section 30.076(3)(b), Florida Statutes (2010). The trial court dismissed the petition, concluding appellant was not entitled to the protections of chapter 30 because the managerial nature of appellant’s duties precluded him from being a “deputy sheriff’ as that term is defined in section 30.072(2), Florida Statutes (2010), and because appellant was terminated due to a reduction in force. We affirm the dismissal of the petition, albeit for reasons different than those relied upon by the trial court. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (recognizing that judgment of trial court must be affirmed where trial court is right for the wrong reason).
Collectively, sections 30.071 through 30.079, Florida Statutes (2010), govern the Sheriffs power to appoint deputies and limit the Sherriffs power to terminate deputies. Sections 30.073(5) and 30.076(1) prohibit the termination of a deputy sheriff for lawful off-duty political activity or for a discriminatory reason. Section 30.076 affords a terminated deputy the right to a hearing before a review board to challenge his termination and gives the board the authority to determine whether the termination was “politically or diseriminatorily motivated.” See § 30.076(2), Fla. Stat. These statutes apply to “all deputy sheriffs, with the following exceptions: (a) Deputy sheriffs in a county that, by special act of the Legislature, local charter, ordinance, or otherwise, has established nghts and procedures for deputy sheriffs which are equivalent to or greater than those pi'escribed by this act.” § 30.071(l)(a), Fla. Stat. (emphasis added).
The Career Service Act for the St. Lucie County Sheriffs Office, Chapter 89-475, Laws of Florida, applies to all certified and non-certified persons employed by that county’s sheriffs office, including deputy sheriffs. See Ch. 89^475, § 1, at 288. The special act provides that a “permanent status” employee, i.e., one who has been continuously employed for at least a calendar year, may be suspended or dismissed only for cause; that, prior to imposition of a suspension or a termination, the deputy sheriff must be afforded notice and an opportunity to be heard; and that a deputy sheriff who has been suspended or dismissed is entitled to a hearing before the Career Service Appeals Board to challenge such suspension/dismissal. See Ch. 89- *221 475, §§ 1-2, at 288-90. The decision of the Board is binding upon both the employee and the Sheriffs Office. The comprehensive protections of Chapter 89-475 are at least equal to those afforded by chapter 30 and, consequently, appellant is not entitled to the due process procedures afforded by sections 30.071 through 30.079, Florida Statutes. Thus, for this reason, we affirm the trial court’s dismissal of the petition. Our holding renders moot appellant’s arguments regarding the scope of the term “deputy sheriff’ and the propriety of the trial court’s finding that appellant was not entitled to the protections of chapter 30 because he was in a managerial position and terminated due to a reduction in force.

Affirmed.

WARNER, J., and STONE, BARRY J., Senior Judge, concur.