DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER D. FREEMAN,**
Appellant,

v.

**OMEGA CONDOMINIUM NO. 10, INC.,**
Appellee.

No. 4D17-1320

[February 14, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. CACE 15-012367 (05).

Christopher Freeman, Plantation, pro se.

No appearance for appellee.

PER CURIAM.

The parties entered into a settlement agreement in 2016, whereby Appellant Christopher Freeman agreed to provide access to his unit on a particular day. The settlement agreement stated that, following inspection by Appellee Omega Condominium No. 10, Inc., the trial court would "hold a hearing to determine if [Appellee was] entitled to fees and costs" and the amount awardable. There is no indication in the record that the issue of Appellee's entitlement to prevailing party fees was ever subjected to an evidentiary hearing. Therefore, we reverse.

The dissent focuses on the fact that the transcript of the May 17, 2016 hearing before Judge Lynch in the appellate record is an excerpt. However, we are satisfied that the excerpt pages are sequentially numbered, with no pages missing, and the flow of the dialogue in those pages does not appear to skip over a portion of the hearing. We acknowledge that at the hearing to determine the amount of fees, Appellee's counsel argued to Judge Bidwill that the transcript of the May 17 hearing is missing sixty pages, the accuracy of which we question. We conclude that the alleged missing pages could not have recorded the presentation of evidence on entitlement for two reasons. First, the trial clerk's progress notes submitted as part of

the appellate record does not indicate any evidence was presented at the May 17 hearing.  Second, and more importantly, the statements of Judge Lynch in the transcript excerpt strongly negate the conclusion that evidence on entitlement was heard earlier in the hearing.

A review of the first five pages of the excerpt clearly shows a discussion by Judge Lynch about what was actually set for a hearing that day, including discussion about a motion for protective order and motion to compel.  There was also discussion about what was heard during proceedings on May 9.  Immediately thereafter, Judge Lynch asked Appellee's counsel, "So it is your position that we are here today on the entitlement issue," to which Appellee's counsel replied, "Yes."  Judge Lynch then turned to Appellant in inquire about his motion to continue the entitlement hearing, which Judge Lynch received the night before or that morning, as follows:

> My question is real simple once I figure out what we probably are here for.  We are here for his motion to determine entitlement to attorney's fees and costs.  *And you tell me that you are requesting that I not go forward with that hearing and you want to continue it for what reason?*

(emphasis added).  It is difficult to read that portion of the excerpt and conclude that, many pages above that portion of the transcript, there was testimonial or documentary evidence presented on the issue of entitlement to fees.  It defies logic that the parties would be clarifying to the judge what was to be heard that day if evidence of entitlement had been presented earlier in the proceedings that day.  The discussion about the motion to continue the hearing was not in the context of Appellant seeking to present more evidence; instead, the discussion was in the context of postponing the hearing altogether.  Thus, it defies logic that such a discussion would occur if evidence had already been presented.  The combination of Judge Lynch's comments lead us to conclude that no evidence was presented earlier in the hearing on the motion to determine entitlement.

Accordingly, we remand this case to the trial court for the purpose of conducting an evidentiary hearing on the issue of Appellee's entitlement to fees and costs.  Should the trial court determine that Appellee is the prevailing party and entitled to fees and costs, it may incorporate the calculations and findings from the March 31, 2017 hearing regarding the amount of fees and costs without the necessity of further evidence on that issue.

*Reversed and Remanded.*

DAMOORGIAN and CONNER, JJ., concur.
FORST, J., dissents with opinion.

FORST, J., dissenting.

I respectfully dissent. The parties appeared before Judge Lynch at a hearing on May 17, 2016. The hearing was scheduled to consider Appellee Omega's motion to determine entitlement to attorney's fees and costs, as well as two motions filed by Appellant Freeman. There is no indication in the transcript provided in the record submitted by the Seventeenth Circuit Clerk that the trial court addressed Appellee's motion during this hearing. However, the transcript submitted to the Court is an excerpted copy. Thus, on November 21, 2017, we ordered Appellant to submit "the full transcript (as opposed to 'excerpts') for the hearing held before Judge Lynch on May 17, 2016."

Notwithstanding the specificity of this request, Appellant once again submitted "an excerpt of the hearing proceeding." This is consistent with the contention of Appellee's counsel at the March 31, 2017 hearing before Judge Bidwill concerning the amount of fees and costs. At that hearing, Appellee's counsel argued that the transcript Appellant provided to Judge Lynch at a 2016 hearing regarding entitlement to fees was only a "partial transcript of the prior hearing, in which 60 pages of the transcript are cut out." Appellant agreed at the March 31, 2017 hearing that he had only ordered "excerpts from the Court Reporter."

In light of Appellant's failure to provide us with the full transcript of the May 17, 2016 hearing, I do not believe that we are able to contradict Appellee's claim at the March 31, 2017 hearing that, in 2016, Judge Lynch heard evidence regarding the issue of entitlement to fees. *See Wofford v. Wofford*, 20 So. 3d 470, 473 (Fla 4th DCA 2009) ("A trial court's ruling is presumed correct, and where no transcript is provided, the appellate court cannot determine whether the evidence supports the trial court's rulings or the court misconceived the law."); *see also Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."). Accordingly, I would affirm the trial court's final judgment against Appellant.

*       *       *

*Not final until disposition of timely filed motion for rehearing.*