# Third District Court of Appeal

## State of Florida

Opinion filed April 21, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-0427
Lower Tribunal No. 09-54204

————————

**Estate of Richard J. Caravetta,**
Appellant,

vs.

**The Bank of New York Mellon,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Phillips Lanier, PLLC, and Emily Joyce Phillips, for appellant.

Bitman, O'Brien & Morat, PLLC, and Allison Morat (Lake Mary), for appellee.

Before SCALES, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. See Baker v. Courts at Bayshore I Condo. Ass'n, Inc., 279 So. 3d 799, 801-02 (Fla. 3d DCA 2019) ("We recognize those decisions holding that errors in the legal description of property, contained in a deed or mortgage existing prior to entry of the final judgment, cannot be remedied by simply amending or correcting the final judgment. However, those decisions are distinguishable because in the present case, the error in the legal description occurred upon entry of the final judgment itself, and did not exist in a deed or mortgage (or other document conveying or encumbering the property) prior to entry of the final judgment.") (citations and footnotes omitted); see also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.").