DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CRYSTAL BROOK HERNANDEZ,**
Appellant,

v.

**MARK ANTHONY MENDOZA,**
Appellee.

No. 4D21-1866

[June 22, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 502020DR003369XXXXNB.

Tracy Belinda Newmark and Natalie Suzanne Kay of Kelley Kronenberg, Fort Lauderdale, for appellant.

Tom Inskeep of Griffin Inskeep Law LLC, West Palm Beach, for appellee.

WARNER, J.

The former wife appeals a final judgment of dissolution of marriage. The trial court entered a detailed final order which determined the equitable distribution of the parties' property, child support, and a parenting plan. The court also ordered shared parental responsibility of the children. We affirm on all issues, except to remand for correction of one provision of the final judgment.

The former wife did not provide a transcript of proceedings as no court reporter was present at the final hearing. Therefore, an evaluation of the evidence presented is impossible, and the trial court's findings must be presumed to be correct and supported by evidence. *See, e.g.*, *Fortune v. Pantin*, 851 So. 2d 274, 274 (Fla. 5th DCA 2003) ("In the absence of a transcript, this court is unable to evaluate the sufficiency of the evidence considered by the trial court in support of its factual findings, and instead presumes such findings to be correct."); *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error."). Accordingly, most of

the issues raised by the former wife fail because the record is inadequate to demonstrate reversible error.

Only one issue regarding the parenting plan clearly requires remand to the trial court, because the final judgment is facially deficient in failing to include a statutory provision. Section 61.13(2)(b)3.a., Florida Statutes (2021), states that a parenting plan must, at a minimum:

> 3. Designate who will be responsible for:
>
> a. Any and all forms of health care. If the court orders shared parental responsibility over health care decisions, the parenting plan must provide that either parent may consent to mental health treatment for the child.

*Id.* A parenting plan that does not meet the statutory requirements of section 61.13(2)(b) is legally insufficient. *Scudder v. Scudder*, 296 So. 3d 426 (Fla. 4th DCA 2020). The parenting plan here provides for shared parental responsibility over health care decisions. However, the plan does not provide that either parent may consent to mental health treatment for the children, as required by statute. Therefore, to this extent, we remand for the inclusion of this provision in the final judgment.

The former wife also contends that the final judgment is facially inconsistent with respect to the number of overnights each parent has with the children, which affects the amount of child support awarded. She points to the parenting plan's provision of time with the children as compared to the number of overnights on the child support guidelines worksheet and argues this discrepancy requires reversal and remand for re-calculation.

We disagree that reversal is required on this ground. The parenting plan provides for time-sharing between the parties which follows the Palm Beach County school calendar, but the calendar start and end dates, holidays, and vacation periods shift from year to year. The trial court also found that the former wife did not exercise consistent time-sharing with the children. Without a transcript of the proceedings, we do not know how the trial court calculated the overnights allotted to each parent, and, like the other issues, we must presume the correctness of the trial court's rulings and calculations.

For the foregoing reasons, we affirm the final judgment but remand for the court to amend the parenting plan to comply with the mandatory requirement of section 61.13(2)(b)3.a.

*Affirmed.*

FORST and ARTAU, JJ., concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***