DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARLENE CUPO,**
Appellant,

v.

**THOMAS J. CUPO,**
Appellee.

No. 4D22-64

[December 21, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Frank D. Ledee, Judge; L.T. Case No. FMCE 18-004143.

David M. Scott of the Law Office of David Scott, P.A., Fort Lauderdale, for appellant.

Edward J. Jennings and Jenna L. Wulf of Edward J. Jennings, P.A., Fort Lauderdale, for appellee.

WARNER, J.

The wife appeals an amended final judgment of dissolution of marriage. She argues the trial court erred in two respects: first, in failing to equitably divide the husband's military pension; and second, in failing to retain jurisdiction to award alimony in the future. As to the alimony issue, because the wife failed to provide a transcript of proceedings, we affirm on the basis of *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979). As to the pension issue, we reverse the failure to equitably divide the military pension.

The parties were married in 2001. The husband joined the military in 1991 and served through several tours of duty, the last of which ended in 2018. He retired and is eligible to receive a pension at age sixty. The husband filed a petition for dissolution of marriage in 2018.

After a trial on the petition, the court entered final judgment which included an equitable division of the parties' marital assets but failed to include the military pension. The wife moved for rehearing, pointing out

that the court had not valued the pension.[1]  The court then entered an amended final judgment in which it found insufficient evidence of the pension's value and refused to equitably divide it.

The court erred.  Section 61.076, Florida Statutes (2018), provides:

> (1) All vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs are marital assets subject to equitable distribution.

> (2) If the parties were married for at least 10 years, during which at least one of the parties who was a member of the federal uniformed services performed at least 10 years of creditable service, and if the division of marital property includes a division of uniformed services retired or retainer pay, the final judgment shall include . . .

> (c) A specification of the amount of retired or retainer pay to be distributed pursuant to the order, *expressed in dollars or as a percentage* of the disposable retired or retainer pay.

*Id.* (emphasis supplied).  The statute makes clear that a military pension must be included in any equitable division,[2] and the pension may be valued based upon a percentage of the retired pay.  Thus, even if the court is not presented with the pension's value in dollars, the court must still include the pension, expressed as a percentage, in the division of the marital assets.  The court was obligated to divide the pension.

As the wife was not married to the husband for the entirety of the husband's military service, she may not be entitled to a full fifty percent of the military pension, which she claims.  Nevertheless, she is entitled to a portion of the military pension commensurate with the years of marriage during which the pension accrued.

We thus reverse and remand the final judgment for further proceedings in accordance with this opinion.

---

[1] By filing the motion for rehearing arguing that the court erred in failing to include the pension, the wife preserved this issue for appeal.

[2] Husband has not disputed that he served at least ten years of creditable service during the marriage, thus bringing his pension within section 61.076's purview.

DAMOORGIAN and CONNER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***