# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1896
Lower Tribunal No. 19-23892
_____

**Pablo A. Hernandez,**
Appellant,

vs.

**Vicky R. Vidal,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Kevin Coyle Colbert, for appellant.

Sandy T. Fox, P.A., and Alisha B. Savani, and Sandy T. Fox, for appellee.

Before LOGUE, LINDSEY, and BOKOR, JJ.

PER CURIAM.

Appellant Pablo A. Hernandez appeals from a final judgment of dissolution of marriage between himself and Vicky R. Vidal.

The final dissolution must be partially remanded to the trial court given the parties' agreement on two points. First, the parties have agreed that the case should be partially remanded to fix scrivener's errors regarding a percentage split of the marital assets. Second, the parties have conceded that the case should be partially remanded for a recalculation of Mr. Hernandez's net income, to determine the amount of Ms. Vidal's permanent alimony.

However, this Court cannot address the remaining points on appeal without a complete transcript of the trial.

The findings of a trial court come to an appellate court clothed with a presumption of correctness. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979):

> Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.

The Appellant has only given this Court a partial transcript of the trial held on July 7, 2021, and accordingly, this Court does not find that the record is adequate to support reversible error.

We remand to the trial court as to the parties' partial confession of error and otherwise affirm the trial court's decision.

Partially reversed and remanded with instructions.