# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2040
_____

JOSHUA A. KNIGHT,

    Appellant,

    v.

ADRIAN E.H. KNIGHT,

    Appellee.

_____

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

March 27, 2024

TANENBAUM, J.

We reject almost all the former husband's assertions of error on appeal. True, the final dissolution judgment does not perfectly meet the parameters set out in part one of chapter 61 of the Florida Statutes. The trial court, however, did make oral findings on the record at the final hearing to support its decisions regarding relocation, alimony, and timesharing. Those findings had sufficient support in the evidence presented to the court.

As to the amount and duration of alimony for the former wife, the trial court had testimony and affidavits from both parties regarding their respective work and financial situations. The court made an oral finding of the former wife's need (and implicitly, the former husband's ability to pay). The former husband acknowledges in his brief that the affidavits are not in the record on appeal, but he offers no good reason why not. *See* Fla. R. App.

P. 9.200(a)(1) (defining the record as consisting of "all documents filed in the lower tribunal, all exhibits *that are not physical evidence*, and any transcript(s) of proceedings filed in the lower tribunal" (emphasis supplied)). He bore the burden of perfecting the record to support his arguments on reversal. *Cf. Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error."). Overall, the dissolution judgment appears to be a proper exercise of the trial court's discretion in chancery under the circumstances of this case and how it was litigated.

We cannot, however, affirm in total. While the former husband does not contest the amount of child support or how it was calculated, he does contest the start date for the monthly payments. The trial court allowed the children to relocate to another state with the former wife, but it also ordered that the oldest child be allowed to remain with the former husband and complete the school year in Florida, which ended on May 26, 2022. The trial court nevertheless set April 1, 2022, as the start date for his child support payments.

The former husband contends that the child-support calculation should reflect this period that the child resided with him. He raised this issue in a motion for rehearing, but the trial court denied the motion without explanation. Because the trial court did not make any findings or include a child-support worksheet with the dissolution judgment, we have no way to assess whether the trial court considered whether that period qualified as a "deviation factor" or other basis for an adjustment under section 61.30(11), Florida Statutes. Accordingly, we vacate paragraph seven of the dissolution judgment (setting the child-support award) and instruct the trial court to make findings that demonstrate the extent to which the period of the older child's residence with the former husband between April 1 and May 26, 2022, was taken into account.

AFFIRMED IN PART, VACATED IN PART, and REMANDED WITH INSTRUCTIONS.

ROWE and KELSEY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Mark D. Davis of Clark Partington, Santa Rosa Beach, for the appellant.

No appearance for the appellee.