# Third District Court of Appeal
## State of Florida

Opinion filed July 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1990
Lower Tribunal No. 19-11886-CA-01
_____

**Edward Guerra,**
Appellant,

vs.

**Parc Lofts Condominium Association, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Edward Guerra, in proper person.

Strang Tryson P.A., and Alexis Hernandez, for appellee.

Before SCALES, C.J., and GORDO and GOODEN, JJ.

GORDO, J.

Edward Guerra, pro se, appeals a final order denying his motion to intervene in a foreclosure action. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A); see also Accident911 Help Med. Ctr. Corp. v. Direct Gen. Ins. Co., 387 So. 3d 360, 361 n.1 (Fla. 3d DCA 2023) ("The order denying intervention is a final order because it constitutes a final determination—and ends all judicial labor—as it relates to appellants' participation in the underlying litigation."). Because we lack a transcript of the hearing which led to the final order, we are unable to review the trial court's factual findings and resulting legal conclusions. Accordingly, we are compelled to affirm. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error . . . When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.").

Affirmed.