# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0234
Lower Tribunal No. 22-24164-FC-04
_____


**Jonatan Olivas,**
Appellant,

vs.

**Sandy Arimeg Morales,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Jonatan Olivas, in proper person.

No appearance, for appellee.


Before EMAS, LOBREE and GOODEN, JJ.

PER CURIAM.

Jonatan Olivas appeals a final judgment of paternity, which included establishment of timesharing, and a parenting plan. Olivas contends that the trial court erred in not granting him exclusive timesharing during the summer break. However, the record on appeal does not include a transcript of the final hearing upon which the trial court based its factual findings and, ultimately, its final judgment. This failure is fatal to Oliva's claim on appeal. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); Pierre v. Bueven, 276 So. 3d 917, 918 (Fla. 3d DCA 2019) ("Because there is no transcript of the final hearing, this Court is unable to determine whether there was competent, substantial evidence presented below that permitted the

lower court to properly evaluate the section 61.13(3)(a)-(t) factors when it made its parental responsibility and timesharing determinations.").[1]

Affirmed.

---

[1] We note the parties executed a partial mediated settlement agreement, in which they could not agree on what method the parties will use to communicate with each other regarding childcare related matters and what method the non-timesharing parent will use to communicate with the child when the child is not in their care. The mediator reported that these were among the remaining issues for resolution by the trial court at a final hearing.

Nevertheless, the final judgment, and the final parenting plan approved by the trial court, fails to "[d]escribe in adequate detail the methods and technologies that the parents will use to communicate with the child," as required by 61.13(2)(b)4., Fla. Stat. (2025). However, the record fails to establish whether the issue was addressed in the trial court. Moreover, it was not preserved by a motion for rehearing pursuant to Florida Family Law Rule of Procedure 12.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule."), nor did appellant raise this issue in his briefs. See Hoskins v. State, 75 So. 3d 250, 257 (Fla. 2011) ("[T]his argument was not raised in the initial brief filed here. Accordingly, the claim is barred."); Venezia v. Wells Fargo Bank, N.A., 306 So. 3d 1096, 1098 n.3 (Fla. 3d DCA 2020) (observing that, generally, the failure to properly raise and preserve a claim in the trial court waives the issue on appeal) (citations omitted). We therefore do not reach the merits of this issue. See B.T. v. Dep't of Child. & Fams., 300 So. 3d 1273 (Fla. 1st DCA 2020).