# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0460
Lower Tribunal No.17-16028-FC-04
_____

**Alejandro Quintas Vazquez**,
Appellant,

vs.

**Ailyn M. Rebaza Smith**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marcia B. Caballero, Judge.

Alejandro Quintas Vazquez, in proper person.

Ailyn M. Rebaza Smith, in proper person.

Before FERNANDEZ, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); Bank of N.Y. Mellon v. Bontoux, 347 So. 3d 105, 108 (Fla. 3d DCA 2022) ("[A] [general magistrate]'s findings of fact and conclusions of law come to the trial court clothed with a presumption of correctness, and the trial court may only reject these findings and conclusions if they are clearly erroneous or if the [general magistrate] has misconceived the legal effect of the evidence presented." (alteration in original) (quoting De Clements v. De Clements, 662 So. 2d 1276, 1282 (Fla. 3d DCA 1995))); Garnett v. Duvalsaint, 400 So. 3d 682, 683–84 (Fla. 3d DCA 2024) ("Unfortunately, we are unable to properly review the factual or legal basis for the trial court's decision because the Father has not furnished this court with an adequate record. . . . [T]here is no transcript at all from the hearing on the Father's motion to vacate.").