# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0017
Lower Tribunal No. 22-23182-FC-04
_____

**Hector Izquierdo,**
Appellant,

vs.

**Marine Iglesias,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Puzo Law, and Leslie Puzo (Hollywood), for appellant.

Cristobal D. Padron & Associates, P.A., and Cristobal D. Padron, for appellee.

Before FERNANDEZ, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Hector Izquierdo, the father, appeals from a final judgment of paternity establishing a parenting plan and timesharing schedule and awarding child support. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). The father raises a myriad of issues on appeal. Appellee, Marine Iglesias, the mother, commendably concedes the judgment impermissibly fails to "[d]escribe . . . the methods and technologies that the parents will use to communicate with the child." See § 61.13(2)(b)(4), Fla. Stat. (2024). We summarily affirm in all other respects, save the support calculation because it contravenes the monthly net income reflected on the child support guidelines worksheet attached to the judgment and is inconsistent with the percentage of timesharing awarded to the respective parties.[1] See Campbell v. Jara, 392 So. 3d 1104, 1106 (Fla. 2d DCA 2024) (reversing "child support award due to mathematical and factual errors"); Skelly v. Skelly, 300 So. 3d 342, 345 (Fla. 5th DCA 2020) (reversing where use of "worksheet is inconsistent with the child support awarded by the court in its final judgment"); see also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence

---

[1] The father's timesharing award equates to 27%.

or by an alternative theory."); Fla. Fam. L. R. P. 12.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule."). Accordingly, we reverse and remand only as to these two discrete issues.

Affirmed in part; reversed in part; remanded.