# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2151
Lower Tribunal No. 25-73777-SP-05
_____

**Taylor Londres,**
Appellant,

vs.

**Ulysses Leid,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Diana Gonzalez-Whyte, Judge.

Taylor Londres, in proper person.

Ulysses Leid, in proper person.

Before SCALES, C.J., and MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Taylor Londres, appeals from a final judgment in favor of appellee, Ulysses Leid. On appeal, she contends that the trial court violated her due process rights by refusing to allow her to present argument before rendering ruling. A careful review of the undeveloped record before us reveals that the judgment followed on the heels of a one-hour bench trial. Because there is no transcript of the trial and Londres did not move for rehearing or seek to proceed under Florida Rule of Appellate Procedure 9.200(b)(5), the record is devoid of any showing of reversible error.[1] See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); see also Fla. R. Civ. P. 1.530 (a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in

---

[1] "If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement must be served on all other parties, who may serve objections or proposed amendments to it within 15 days of service." Fla. R. App. P. 9.200 (b)(5).

the final judgment, a party must raise that issue in a motion for rehearing under this rule.").  Accordingly, we affirm the final judgment under review.

Affirmed.