PER CURIAM.
Appellant William H. Corning appeals for the second time from orders of the trial court related to a foreclosure judgment and sale of property.
By way of background, on February 3, 2011, the trial court entered a Final Judgment of Mortgage Foreclosure on Appellant’s property and noticed a foreclosure sale for March 22, 2011. The property was then sold. On April 1, 2011, nine days after of the Clerk of Court certified the sale, Appellant appealed to this Court the foreclosure judgment and sale, suggesting that he lacked adequate notice. This Court dismissed his appeal on jurisdictional grounds (the appeal was filed more than thirty days after entry of the foreclosure judgment), but “without prejudice to the appellant’s right to seek relief in the circuit court from the foreclosure sale and underlying judgment.” Corning v. Wells Fargo Bank, 73 So.3d 363 (Fla. 1st DCA 2011). This Court’s order cited cases suggesting that Appellant could seek relief by filing a motion for relief from judgment in the trial court pursuant to Florida Rule of Civil Procedure 1.540. Id.
After returning to the trial court, however, Appellant did not move for relief from the foreclosure judgment and sale. Instead, over a period of months, the purchaser of the foreclosed property moved to gain possession. Appellant filed nothing for months, but then on May 29, 2012, he filed motions seeking to vacate both an Order Directing the Clerk to Issue a Writ of Possession and the Certificate of Title issued after sale. Appellant’s motions asserted again his objection to the sale of the property and that he lacked adequate notice because only his no-longer-retained *1280 attorney had been served (the docket does not show that a notice of withdrawal or substitution of counsel was ever filed). Appellant’s motions were not sworn, verified, or supported by affidavits or other competent evidence. After a hearing, the court denied the motions.
On appeal, Appellant now renews his challenge to the sale, claims insufficient notice, argues that the property sale price was grossly inadequate, and claims that he should have received an evidentiary hearing. However, he cites to nothing in the record to support his arguments. In fact, his brief does not cite the record even once. And further impeding his cause, Appellant did not include a transcript of the trial court’s hearing in the record from which he might demonstrate error. In sum, Appellant can point to no competent evidence tending to show that the trial court committed reversible error. Thus, we must affirm. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
VAN NORTWICK, CLARK, and OSTERHAUS, JJ., concur.