EDWARDS, J.
Gus Maestrales seeks review of the amended temporary injunction that requires him to return a dog to his stepfather. We affirm, find this appeal to be frivolous, and grant Appellee’s motion for sanctions.
In the underlying case, Appellee, James Leo Flaherty, sued Appellant for money damages and also sought injunctive relief. Among other claims, Appellee accused Appellant of taking a car and dog that belonged to Appellee. The trial court held a hearing and granted a temporary injunction that ordered Appellant to return the car and the dog to Appellee.
Appellant, who was pro se, did not attend the temporary injunction hearing. Subsequently, he retained attorney James R. Evans of Daytona Beach, Florida, who *1037 filed a verified emergency motion to quash the temporary injunction in which Appellant claimed he had not been notified of the injunction hearing. In his motion, Appellant requested rehearing, asserting that he had evidence to present regarding who owned the dog. The motion did not mention the car.
Attorney Evans, Appellant’s counsel, secured hearing time for the verified motion and served a notice for the motion hearing scheduled more than a month later. Appellant did return the car to Appellee before the rehearing took place.
Attorney Evans did not attend the rehearing. Instead, he arranged for substitute counsel who attended and represented Appellant. At the rehearing, that took place as scheduled, Appellant and two witnesses for Appellant testified, as did Ap-pellee and two witnesses for Appellee. The trial court entered an amended temporary injunction that required Appellant to return the dog to Appellee.
Incredibly, Appellant now maintains that he was denied due process of law because Attorney Evans was not present at the rehearing that was requested, scheduled, and noticed for hearing by Attorney Evans. In his five-page brief, Attorney Evans makes the unsworn statement without elaboration that he was unavailable to attend the hearing that he had scheduled.
No transcript of the hearing in question was provided. No error or irregularities appear on the face of the amended temporary injunction. The amended temporary injunction identifies who testified during the rehearing and contains the trial court’s findings which support the order requiring Appellant to return the dog. “In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.” Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Appellant has faded to demonstrate any error; therefore, the trial court’s order is affirmed.
We find this appeal to be frivolous and completely without merit, as the sole error claimed is that the trial court conducted the rehearing as requested and scheduled by Appellant and Appellant’s counsel.
Appellee’s motion for sanctions pursuant to section 57.105, Florida Statutes (2013), is granted. The case is remanded to the Circuit Court in and for Volusia County, Florida pursuant to Florida Rule of Appellate Procedure 9.410(b) to determine and assess reasonable attorney’s fees incurred by Appellee for the appeal, which are to be paid in equal amounts by Appellant and Appellant’s counsel.
AFFIRMED and REMANDED for further proceedings.
LAWSON and EVANDER, JJ., concur.