IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MICHAEL PITCHER,

      Appellant,

 v.                                        Case No.  5D17-1937

SUSAN SCHNEIDER,

      Appellee.
_____/

Opinion filed February 23, 2018

Appeal from the Circuit Court
for Brevard County,
George Paulk, Judge.

Eduardo J. Mejias, of AAA Family Law,
LLC, Altamonte Springs, for Appellant.

Harley I. Gutin, Cocoa, for Appellee.

COHEN, C.J.

Susan Schneider and Michael Pitcher are the unmarried parents of two minor children. Pitcher appeals a final judgment establishing paternity, raising several issues that all pertain to the trial court's determination of the time-sharing schedule for the parties' children. Pitcher acknowledges that there is no trial transcript or other recreation of the testimony and evidence presented below. However, he maintains that the trial court's legal errors are evident on the face of the final judgment and thus a transcript is unnecessary.

Pitcher's argument lacks merit. Without a transcript, "we cannot resolve the underlying factual issues in order to determine whether the trial court's judgment . . . is without evidentiary support." See McQuade v. Holroyd, 208 So. 3d 848 (Fla. 5th DCA 2017) (citing Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979)). Indeed, having reviewed the record, as well as the extensive final judgment and parenting plan, we conclude that Pitcher has failed to carry his burden of demonstrating any error. See Applegate, 377 So. 2d at 1152.

Nonetheless, we write to acknowledge the excellence of the trial court's final judgment of paternity entered in this case. The judgment is thorough, applies the correct legal standards, and is replete with fact-finding and analysis. Appellate courts are error correcting courts, and while Pitcher may not agree with the trial court's findings, "it is not the role of an appellate court . . . to substitute its judgment for that of the trial court." See G.C. v. Dep't of Child. & Fams., 791 So. 2d 17, 21 (Fla. 5th DCA 2001). Accordingly, the final judgment is affirmed in all respects.

AFFIRMED.

SAWAYA and EDWARDS, JJ., concur.