# Third District Court of Appeal

## State of Florida

Opinion filed August 22, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2463
Lower Tribunal No. 12-174-M
_____


**Margaret A. Broz,**
Appellant,

vs.

**Prudence Clark,**
Appellee.


An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Margaret A. Broz, for appellant.

Prudence Clark, in proper person.


Before ROTHENBERG, C.J., and EMAS and FERNANDEZ, JJ.

ROTHENBERG, C.J.

Margaret Broz ("Broz"), an attorney who represented Prudence Clark ("Clark") for a period of time in the matter of <u>Brandee Sweesy v. Prudence Clark</u> in lower case number 12-174-M, appeals the trial court's order entered on September 29, 2017 denying her motion: to enforce the settlement agreement entered into by Broz and Clark; to enforce Broz's charging lien; and for additional attorney's fees Broz claims she is owed. Because a settlement agreement was entered into by Broz and Clark regarding Broz's fees on or about October 16, 2012, and the trial court entered an order on October 16, 2012 approving the settlement agreement, the trial court was required to enforce that agreement. We, therefore, reverse the portion of the trial court's order that failed to enforce the terms of the settlement agreement.

## Analysis

The record reflects that Broz initially represented Clark in the above civil matter, but she was discharged in 2012, and in July 2012, Broz filed a charging lien against Clark for her outstanding legal fees. The charging lien was perfected. Thereafter, Brandee Sweesy (the plaintiff in the underlying action) and Clark (the defendant in that action) entered into a settlement agreement to resolve the lawsuit, and on September 21, 2012, the trial court entered an order approving their settlement agreement. In this order, the trial court specified that the money being held in an account at Centennial Bank based on the trial court's February 15, 2012

2

order freezing the account was to be released, and that $3,500 of the money being held in the Centennial Bank account was to be delivered to and held in Paul Cowan, Esq.'s ("Cowan") trust account until the issues between Broz and Clark, and specifically Broz's charging lien, were resolved. The order also reserved jurisdiction to enforce the terms of the settlement agreement.

On or about October 16, 2012, Broz and Clark entered into and executed a settlement agreement wherein Clark agreed to **immediately** pay Broz $3,500 of the fees Clark owed Broz from the funds being held in Cowan's trust account, and that Broz would continue to have a lien of $2,000 against the real property located at 655 East 105 Street Ocean, Marathon, Florida, with interest accruing at the rate of 4.75% until the property was sold. The settlement agreement further provided that both Broz and Clark were waiving any other claims from the cause. The trial court entered an order on October 16, 2012 approving the settlement agreement between Broz and Clark resolving the dispute over Broz's fees.

Despite the clear terms of the trial court's October 16, 2012 order approving the settlement agreement between Broz and Clark, which required that the $3,500 being held in Cowan's trust account be immediately released to Broz, Broz's demands for payment, and Broz's numerous motions to compel the release of those funds to her, the funds remained in Cowan's trust account. Cowan apparently was relying on the September 21, 2012 order requiring him to retain the funds in his

3

trust account until the issues between Broz and Clark regarding Broz's fees was resolved, rather that the later October 16, 2012 order approving the settlement agreement between Broz and Clark wherein they agreed that the $3,500 being held by Cowan be released to Broz **immediately** (in 2012).

Ultimately, in 2016, Cowan filed a petition to deposit the $3,500 he was holding in his trust account into the court registry, which the trial court granted on October 10, 2016. On February 15, 2017, the trial court finally entered an agreed order releasing the $3,500 held in the court registry to Broz. Thereafter, on July 28, 2017, Broz filed another motion seeking to enforce the settlement agreement and her charging lien, and seeking the award of additional fees incurred in her attempts to enforce the settlement agreement. Specifically, Broz sought to enforce the portion of the settlement agreement which agreed to a charging lien of $2,000 against the real property located at 655 East 105 Street Ocean, Marathon, Monroe County, Florida with interest accruing at 4.75% for the remainder of the fees Clark owed Broz. Broz's motion noted that the property sold on July 7, 2017, however, the funds were being held in the closing agent's trust account in violation of the settlement agreement and the trial court's order approving the settlement agreement. Broz's motion sought release of the $2,000 plus interest to her, plus additional fees for the time she had spent in the collection of her fees pursuant to

the settlement agreement. The trial court entered an order denying the motion in its entirety, and Broz appeals that order here.

The terms of the settlement agreement adopted by the trial court on October 16, 2012 are clear and unambiguous. Paragraph 2 provides: "Counsel shall have a lien of $2,000.00 against the real property at 655 East 105th Street Ocean, Marathon, Monroe County, Florida, with interest at the present statutory rate 4.75% until said property is sold." When the property sold on July 7, 2017, Broz was entitled to the $2,000 plus interest the parties agreed would be paid to Broz as satisfaction of her charging lien. Because the payment was not conditioned upon any factor other than the sale of the property, and the property was sold, the trial court lacked discretion to modify or to avoid the terms of the settlement agreement. See Andersen Windows, Inc. v. Hochberg, 997 So. 2d 1212, 1213-14 (Fla. 3d DCA 2008) ("Settlement agreements are interpreted and governed by the law of contracts. Courts, without dispute, are not authorized to rewrite clear and unambiguous contracts. And where a contract is clear and unambiguous, it must be enforced as written.") (citations omitted). The trial court, therefore, erred by denying Broz's motion to enforce the settlement agreement regarding the $2,000 plus 4.75% interest owing and due to Broz.

We, however, affirm the trial court's order denying Broz's motion for the additional fees she has incurred in her attempts to collect the fees agreed to by the

5

parties in their settlement agreement. There is no provision in the settlement agreement that provides for the award of additional fees and Broz cites to no statutory or other authority for the entitlement of such fees. We also note that there is no transcript of the hearing where the additional fees Broz was requesting was addressed. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979). We, therefore, affirm the portion of the trial court's order that denies Broz's motion for the additional fees incurred in her collection efforts.

## Conclusion

We reverse the trial court's order denying Broz's motion to compel enforcement of the settlement agreement and remand for enforcement of the provision providing for the payment of $2,000 plus 4.75% interest to Broz as satisfaction of her charging lien against Clark. We affirm the trial court's order denying Broz's motion for additional fees incurred in her collection efforts.

Affirmed in part; reversed in part.