# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-0385

_____

R. J. REYNOLDS TOBACCO
COMPANY and PHILIP MORRIS
USA INC.,

    Petitioners,

    v.

GUY CUDDIHEE, as Personal
Representative of the Estate of
Gil Cuddihee, Deceased,

    Respondent.

_____

Petition for Writ of Prohibition—Original Jurisdiction.


May 6, 2019


PER CURIAM.

    R. J. Reynolds Tobacco Company and Philip Morris USA, Inc. seek a writ of prohibition following an order denying their motion to disqualify the trial judge from presiding over an *Engle*[1] progeny trial. Because the motion to disqualify was legally sufficient, we grant the petition.

---

[1] *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246 (Fla. 2006).

A party may move to disqualify a trial judge when the "party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." Fla. R. Jud. Admin. 2.330(d)(1). The trial court reviews a motion to disqualify only for legal sufficiency and may not pass on whether the allegations of fact are true. Fla. R. Jud. Admin. 2.330(f). A legally sufficient motion must allege facts that "would place a reasonably prudent person in fear of not receiving a fair and impartial trial." *Livingston v. State*, 441 So. 2d 1083, 1087 (Fla. 1983).

In support of their unopposed[2] motion to disqualify, Petitioners alleged the following facts concerning the trial judge's involvement in *Engle* progeny cases brought against Petitioners and/or their predecessors in interest:

- From as early as 2008 until 2016, before his appointment to the circuit court in 2017, he appeared as counsel of record for plaintiffs in nineteen cases where Petitioners were defendants;

- He served as trial counsel for plaintiffs in five of those cases;

- In one of the cases in which he served as trial counsel, he served as co-counsel with the Wilner firm, a firm representing the Respondent here;

- In one of the cases in which he served as trial counsel, the jury returned a $17 million verdict, including $11 million in punitive damages; and,

- He deposed five corporate representatives of tobacco companies (including representatives of Petitioners and/or their predecessors in interest) for use in *Engle* progeny trials in Duval County. Given the applicable procedures in Duval County *Engle* litigation, this raises the possibility

---

[2] Respondents did not oppose the motion to disqualify, but in their response to the petition for the writ of prohibition, argue that disqualification was not required.

2

that a jury could hear from the trial judge as both presiding judge and an examining lawyer.

The alleged facts, which we must take as true, demonstrate the trial judge's recent and extensive involvement in *Engle* progeny actions against Petitioners and/or their successors, including his role in developing evidence for use in Duval County *Engle* trials like the one here. We do not determine that the facts alleged in the motion to disqualify individually require disqualification, but viewed collectively, the facts alleged are legally sufficient to create a well-founded fear that Petitioners would not receive a fair and impartial trial. *See* Fla. R. Jud. Admin. 2.330(d); *Port Everglades Pilots Ass'n v. Florida-Caribbean Cruise Ass'n*, 170 So. 3d 952, 955 (Fla. 1st DCA 2015). We, therefore, grant the petition, but withhold formal issuance of the writ, confident that the judge will promptly issue an order of disqualification. We quash the order denying the motion to disqualify, and remand to the circuit court with directions that a new judge be assigned to preside over the case.

ROWE, OSTERHAUS, and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jason T. Burnette, Stephanie E. Parker, John M. Walker, and Edward M. Carter of Jones Day, Atlanta, and Charles R. A. Morse, Jones Day, New York, NY, for Petitioner R. J. Reynolds Tobacco Company; Laura Whitmore of Shook, Hardy & Bacon, L.L.P., Tampa, and J. Daniel Gardner of Shook, Hardy & Bacon, L.L.P, Miami, for Petitioner Philip Morris USA, Inc.

David J. Sales and Daniel R. Hoffman of David J. Sales, P.A., Sarasota, for Respondent.