# Third District Court of Appeal

## State of Florida

Opinion filed June 24, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1866
Lower Tribunal No. 23-21802-CA-01
_____

**Rich Omoruyi,**
Appellant,

vs.

**Ana Falla, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Rich Omoruyi, in proper person.

Gray Robinson, P.A., and Jack R. Reiter, and Eric M. Yesner, for appellee Ana Falla.

Before FERNANDEZ, LINDSEY, and LOBREE, JJ.

PER CURIAM.

Appellant, Rich Omoruyi, appeals the trial court's orders granting Appellee, Ana Falla's, motion to strike Omoruyi's pleadings and dismissing Omoruyi's negligence complaint, as well as the trial court's order denying Omoruyi's subsequent motion to vacate the order of dismissal. Based on the limited record available to us, we are constrained to affirm the trial court's decisions and hold the trial court committed no reversible error.

Omoruyi argues that trial court violated his due process rights by dismissing this action while discovery disputes and motions remained pending. But Omoruyi failed to provide necessary transcripts of several hearings and case management conferences to confirm his arguments. In turn, we are unable to adequately review the record to determine whether reversible error exists. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."). Therefore, we are constrained to affirm.

Omoruyi then argues that the trial court erred in denying his motion to disqualify, reflecting judicial bias. Yet, the limited record does not establish circumstances indicating a reasonable person would anticipate not receiving a fair trial. See R.J. Reynolds Tobacco Co. v. Cuddihee, 272 So. 3d 796, 797 (Fla. 1st DCA 2019) (quotation omitted) ("A legally sufficient motion [to disqualify a trial judge] must allege facts that would place a reasonably prudent person in fear of not receiving a fair and impartial trial."). At most, we can only conclude that Omoruyi's fear of not receiving a fair trial stems from the trial court's adverse rulings; that alone is not enough to disqualify a judge. See Montes v. Universal Prop. & Cas. Ins. Co., 403 So. 3d 392, 396 (Fla. 2d DCA 2025) ("An adverse ruling is not a legally sufficient basis to disqualify a judge."). Thus, we are compelled to affirm.

Affirmed.