DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENDRIA ALEXIS WALKER,**
Appellant,

v.

**MELDON KEYON BULLOCK** and **TONYA BULLOCK,**
Appellees.

Nos. 4D19-2616 and 4D19-2617

[October 21, 2020]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael G. Kaplan, Judge; L.T. Case Nos. DVCE-19-004179 and DVCE-19-004178.

Kendria Alexis Walker, Coral Springs, pro se.

No appearance for appellees.

PER CURIAM.

*Affirmed. See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979).

GROSS and GERBER, JJ., concur.
WARNER, J., concurs with opinion.

WARNER, J., concurring.

This is an appeal of a final judgment for protection against stalking. The issue appellant seeks to have this court review is whether the evidence was insufficient to prove that appellant engaged in any stalking activity, mainly because the texts which appellees contended were harassing did not come from appellant's phone. This is quintessentially an issue which requires a review of the record. Appellant has not provided a transcript of the trial or a statement of evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(5) (2019). Therefore, we must presume that the trial court's rulings are correct and supported by competent substantial evidence. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate

court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence[.]").

In a companion case against another party who sought an injunction against appellant for sending harassing texts, appellant did provide a record and successfully argued that the court erred in admitting text messages into evidence, because the messages could not be authenticated. *See Walker v. Harley-Anderson*, No. 4D19-2216, 2020 WL 5372302 (Fla. 4th DCA Sept. 9, 2020). The same might have been true in this case, but without a record of the proceedings, we are bound by the *Applegate* presumption that the court acted properly.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***