# Third District Court of Appeal
## State of Florida

Opinion filed March 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1662
Lower Tribunal No. 20-19481 CC
_____

## Jeniya Nemani, et al.,
Appellants,

vs.

## Nasser Sachmechi,
Appellee.

An Appeal from the County Court for Miami-Dade County, Linda Singer Stein, Judge.

Zeig Law Firm, PLLC, and Justin Zeig and Shelby Schwartzberg (Hollywood), for appellants.

International Law Partners, LLP, and Karen E. Berger (Hollywood), for appellee.

Before LOGUE, LINDSEY, and LOBREE, JJ.

LINDSEY, J.

Appellants/defendants below, Benjamin and Jeniya Nemani, appeal the trial court's order denying their motion for attorney's fees. Because the award of attorney's fees pursuant to section 83.48, Florida Statutes (2021), is permissive and because there is no transcript of the trial court's hearing on the Nemanis' motion for fees, we affirm.

This case stems from a property dispute between the Nemanis and appellee/plaintiff below, Nasser Sachmechi. Sachmechi filed a complaint in county court to evict the Nemanis pursuant to chapter 83 of the Florida Statutes. However, the Nemanis had already brought an action for specific performance to determine the ownership of the same property in circuit court. The Nemanis moved to dismiss Sachmechi's eviction action or, alternatively, to consolidate it with their pending circuit court action for specific performance. The Nemanis argued that Sachmechi had failed to allege a cause of action for eviction under chapter 83 because the parties were not in a landlord-tenant relationship. The trial court agreed and concluded that Sachmechi had alleged a cause of action for ejectment, not eviction. It entered a final order dismissing Sachmechi's eviction action. Sachmechi then filed a counterclaim for ejectment in the Nemanis' circuit court action.[1]

---

[1] "By statute, county courts exercise jurisdiction to decide actions for eviction, but circuit courts have exclusive original jurisdiction in ejectment actions." Ward v. Estate of Ward, 1 So. 3d 238, 239 (Fla. 1st DCA 2008) (citing §§

Upon the county court's dismissal of the eviction action, the Nemanis moved for attorney's fees under § 83.48. In response, Sachmechi moved for sanctions under § 57.105, arguing that the Nemanis' claim of entitlement to attorney's fees "[was] not supported by the facts or law" because the Nemanis were not the prevailing party since the eviction action was proceeding as a claim for ejectment. After a hearing, the county court denied the Nemanis' motion for attorney's fees and Sachmechi's motion for sanctions. There is no transcript of this hearing. The Nemanis timely appealed.

Section 83.48 provides in relevant part:

> In any civil action brought to enforce the provisions of the rental agreement or this part, the party in whose favor a judgment or decree has been rendered *may recover reasonable attorney fees* and court costs from the nonprevailing party. The right to attorney fees in this section may not be waived in a lease agreement.

(Emphasis added). Therefore, an award under § 83.48 is permissive, not mandatory. And because there is no transcript of the trial court's hearing for our review, we cannot say the trial court abused its discretion in denying the Nemanis' motion for fees. See Romaguera v. Tr. Mortg., LLC, 238 So. 3d

26.012(2)(f), 83.59(2), Fla. Stat. (2006)); see also Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC, 986 So. 2d 1244, 1250 (Fla. 2008) ("Florida's county courts lack subject-matter jurisdiction to entertain ejectment actions.").

3

394, 395 (Fla. 3d DCA 2018); Applegate v. Barnett Bank of Tallahassee, 377

So. 2d 1150, 1152 (Fla. 1979).

Affirmed.