# Third District Court of Appeal
## State of Florida

Opinion filed March 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1422
Lower Tribunal No. 20-6338
_____

**Barry Schneer,**
Appellant,

vs.

**Alice Llaurado,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Jason E. Dimitris, Judge.

Barry A. Schneer, in proper person.

Bresky Law, and Robin Bresky, and Jonathan Mann (Boca Raton), for appellee.

Before EMAS, MILLER, and BOKOR, JJ.

MILLER, J.

In this high-conflict paternity case, appellant, the father, appeals from orders denying his request to modify custody and awarding attorney's fees.[1] After the child was injured in Mexico, the father purportedly failed to promptly seek appropriate medical treatment. Appellee, the mother, then sought sole custody. Ostensibly due to a history of domestic violence involving the parents, the trial court temporarily placed the child in the care of a maternal uncle, with both parties subject to supervised timesharing. See § 751.05(3), Fla. Stat. (2022). Thereafter, the mother renewed her emergency motion for sole custody, and the father countered with a request to relocate the child into his care or that of the paternal grandmother. By way of a carefully detailed order, the trial court declined to further modify custody and ordered the father to relinquish the child's passport. All findings were predicated upon the best interests of the child, and none are contravened by any evidence of record. See § 61.13(2)(c), Fla. Stat. As we lack a transcript, we are deprived of any ability to further review the propriety of the decision. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). Accordingly, we affirm the order in all respects.

Affirmed.

---

[1] We dismiss that portion of the appeal from an order imposing attorney's fees because the notice of appeal was filed more than thirty days after rendition of the order to be reviewed. See Fla. R. App. P. 9.130(b).