DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VINCENT CARLOS EDWARDS JR.,**
Appellant,

v.

**EDLYNE ALPHONSE,**
Appellee.

No. 4D21-2910

[August 31, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Frank Ledee, Judge; L.T. Case No. 19-7152 FMCE (33/90).

Vincent Edwards, Jr., Tamarac, pro se.

Meaghan K. Marro of Marro Law, P.A., Plantation, for appellee.

PER CURIAM.

The appellant, Vincent Edwards, Jr., appeals a final judgment of dissolution of marriage. Edwards challenges credibility determinations, the weight given to the evidence by the fact finder, and certain evidentiary rulings, and he argues that there were factual findings not supported by the evidence. We affirm.

The dissolution of marriage petition and counterpetition were heard by a general magistrate. The appellant did not file any exceptions to the magistrate's report. Consequently, the trial court did not hold a hearing before adopting the magistrate's report and recommendations. Assuming Edwards' arguments are preserved for review, it would be improper for this court to "substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court." *Lowe v. State*, 2 So. 3d 21, 30 (Fla. 2008) (citation omitted). Further, to the extent Edwards argues the evidence did not support the trial court's factual findings, we cannot review for competent substantial evidence without a trial transcript. As explained by the Florida Supreme Court:

> When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court [cannot] properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.

*Applegate v. Barnett Bank of Tallahassee,* 377 So. 2d 1150, 1152 (Fla. 1979). Edwards was given the opportunity to provide a transcript of the proceedings but failed to do so.

*Affirmed.*

GROSS, CIKLIN and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**