# Third District Court of Appeal

## State of Florida

Opinion filed December 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1694
Lower Tribunal No. 19-17308-CA-01
_____


**Alberto Corredor Gomez, et al.,**
Appellants,

vs.

**George Nichols, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

The Ferro Law Firm, P.A., and Simon Ferro, for appellants.

Coffey Burlington, P.L., and Paul J. Schwiep and Jeffrey B. Crockett, for appellee Receiver Antonio Argiz.


Before EMAS, SCALES and MILLER, JJ.

SCALES, J.

Appellants Alberto Corredor Gomez and Alberto Yordano Corredor (together "Corredor") challenge an August 23, 2023 final order of the trial court that denied Corredor's September 21, 2022 motion seeking leave to sue a receiver (the "leave motion"). The appellee is Antonio Argiz ("Argiz" or the "receiver"). We affirm.

I. Background

Corredor owned a controlling interest in a vocational school named Censa International College. After a series of ownership disputes and financial setbacks, triggered by the purchase of real property to house the school, the trial court, in 2019, appointed Argiz, an accountant, as the receiver for the entity that owned the school (the "receivership order").[1] The receivership order provided a narrow basis for a party to sue the receiver.[2]

---

[1] The receivership order termed Argiz a "Special Master," but for all intents and purposes, Argiz functioned as a receiver.

[2] The receivership order provides, in relevant part, as follows:

> The Special Master and his agents, acting within the scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgement [sic], or decree. In no event shall the Special Master or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Special Master or Retained Personnel.

After the trial court ended the receivership, Corredor filed the leave motion, asserting that Argiz acted (i) in his own pecuniary interest by overbilling, and (ii) in bad faith by allowing the school property to deteriorate. The trial court conducted an August 22, 2023 hearing on Corredor's leave motion and rendered the challenged final order denying the motion and concluding that Corredor did not demonstrate a *prima facie* case of liability against the receiver.[3] In the final order, the trial court stated that it had reviewed the leave motion, and the receiver's response to same, and had heard argument of counsel.

II. Standard and Scope of Review

Like many cases, this case rises and falls upon the standard and scope of review that we employ to review the challenged order. Analogizing this case to one where an appellate court reviews a trial court's dismissal of a complaint for failure to state a cause of action, Corredor suggests that the required demonstration of a *prima facie* case can be established merely by the allegations contained in a proposed complaint, and we should employ a

---

[3] See Asset Recovery Grp., LLC v. Cabrera, 233 So. 3d 1173, 1176 (Fla. 3d DCA 2017) ("[E]ven when the receiver has been discharged, . . . leave from the court that had appointed the receiver must still be obtained to file suit against the receiver. The requesting party must demonstrate a prima facie case of liability before the appointing court may grant leave to file suit.") (citation omitted).

*de novo* review to determine simply whether Corredor has, within the four corners of Corredor's proposed amended complaint against the receiver, stated a cause of action.

Argiz argues instead that, because the receiver acts as an adjunct of the receivership court, the receivership court's determination of whether a receivership party has demonstrated a *prima facie* case may encompass much broader considerations than a mere review of the proposed complaint's allegations. Thus, Argiz argues, it logically follows that the appellate court should give the receivership court's determination great deference, and we should employ an abuse of discretion standard.

We agree with Argiz that the receivership court's determination of whether to grant a receivership party leave to sue *the receivership court's receiver* – that is, whether a party has demonstrated a *prima facie* case of liability against the receiver – may be based on considerations broader than merely the proposed complaint, and that, in reviewing the receivership court's determination, we should employ an abuse of discretion standard. See In re VistaCare Grp., LLC, 678 F.3d 218, 233 (3d Cir. 2012).

Implicit in the requirement that, generally, a receiver may be sued only with leave of the receivership court is that the receivership court has supervisory authority over the receiver. See Murtha v. Steijskal, 232 So. 2d

4

53, 55 (Fla. 4th DCA 1970). Not only does the receivership court appoint the receiver and preside over the receivership, but as has occurred in this case, the receivership court generally conducts evidentiary hearings on receivership fee issues, where the receiver's performance is qualitatively and quantitatively evaluated.

In sum, a receivership court's determination of whether a receivership party has demonstrated a *prima facie* case of liability against a receiver such that the receiver may be sued is far more involved, and encompasses a greater perspective, than determining merely whether a party has alleged, within the four corners of a complaint, a cause of action. And the receivership court has a far superior vantage point than do we in making the determination, thus warranting the more deferential abuse of discretion standard of review. Phillip Padovano, Florida Appellate Practice § 19:5 (2024 ed.) ("The judge . . . is in a better position to resolve discretionary issues, and it would be improper to overturn a discretionary decision simply because a panel of appellate judges might have resolved the issue in a different fashion had they been on the trial bench.").

III. Lack of Transcript

The trial court's final judgment expressly states that its determination was based, at least in part, on the arguments of counsel made at the August

22, 2023 hearing on Corredor's leave motion. While the record contains Corredor's leave motion (along with a proposed complaint against the receiver) and Argiz's response to same, our review of the challenged final order in this case is defeated by our not having been provided with a transcript of the August 22, 2023 hearing on the leave motion. We are therefore compelled to affirm because, on this record, we are unable to determine whether the trial court abused its discretion in its conclusion that Corredor failed to demonstrate a *prima facie* case of liability against the receiver. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979); Joseph v. Henry, 367 So. 3d 1280, 1281 (Fla. 3d DCA 2023).

Affirmed.[4]

---

[4] This case has previously been before this Court on Corredor's challenge to the receivership court's order awarding the receiver fees and costs. See Corredor v. Nichols, 342 So. 3d 793, 794-95 (Fla. 3d DCA 2022) ("Corredor I") (affirming the receivership court's award of fees and costs, and remanding, in part, to enter an amended final judgment to correct a technical defect in the judgment). In Corredor I, Corredor asserted many of the same allegations that were contained in the leave motion. Part of Argiz's argument here is that Corredor is precluded from relitigating the same issues that were unsuccessfully litigated in Corredor I. We express no opinion on Argiz's issue preclusion argument.