# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0493
LT Case No. 2021-CA-043262

_____

JANET WOODS,

Appellant,

v.

WAL-MART STORES EAST, LP,

Appellee.

_____


On appeal from the Circuit Court for Brevard County.
Dale Curtis Jacobus, Judge.

Brian J. Lee, of Morgan & Morgan, Jacksonville, for Appellant.

Jack R. Reiter and Sydney Feldman D'Angelo, of GrayRobinson, P.A., Miami, for Appellee.


September 19, 2025


PER CURIAM.

At issue is whether Walmart can be liable for the actions of its employee who clocked out from work, spilled a drink on the floor on his way out of the store, and took protective steps generally consistent with the store's policies. Janet Woods, who slipped and was injured seventy-nine seconds later, claimed that Walmart was liable because the employee had reengaged in his employment role;

Walmart countered that once the employee clocked out it was no longer liable for his conduct. The trial court agreed with Walmart, concluding as a matter of law that once an employee clocks out from work that the employer may no longer be subject to liability. The trial court erred in reaching this legal conclusion, however, because an off-duty employee may reengage or reenter in his employment-related responsibilities depending on the unique facts in a specific case. *See, e.g., Kane Furniture Corp. v. Miranda*, 506 So. 2d 1061, 1067 (Fla. 2d DCA 1987) ("Once an employee deviates from the scope of his employment, he may return to his employment by doing something which meaningfully benefits his employer's interests."); *see generally* Restatement (Second) of Agency § 237 (A.L.I. 1958) (entitled "Re-Entry into Employment"). Although the trial court erred, affirmance is warranted because the record reflects no basis for a tort claim against Walmart under the specific facts presented. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("The written final judgment by the trial court could well be wrong in its reasoning, but the decision of the trial court is primarily what matters, not the reasoning used.").

AFFIRMED.

MAKAR, LAMBERT, and HARRIS, JJ., concur.

—————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

—————————————————

2