# Third District Court of Appeal

## State of Florida

Opinion filed September 24, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0755
Lower Tribunal No. 18-20259-FC-04
_____

**Jason Richard Baumann,**
Appellant,

vs.

**Sara Cardona Agudelo,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Diana Vizcaino, Judge.

Metschlaw, P.A., and Lawrence Richard Metsch (Hollywood), for appellant.

Law Offices of Richard G. Dunberg, and Richard G. Dunberg, for appellee.

Before EMAS, FERNANDEZ and GORDO, JJ.

GORDO, J.

Jason Richard Baumann ("Baumann") appeals a non-final order granting three of Sara Cardona Agudelo's ("Agudelo") motions for writs of garnishment. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(ii). We affirm.

In the underlying action, the trial court awarded Agudelo $65,789.50 in attorney's fees and costs under section 61.16, Florida Statutes.[1] To collect on the fee award, Agudelo, through counsel, moved for writs of garnishment against Baumann's bank and other commercial accounts. Following an evidentiary hearing, the trial court granted Agudelo's garnishment motions.

While Baumann challenges Agudelo's standing to seek writs of garnishment, he provided no transcript or substitute record of the evidentiary hearing. Because the trial court's order is presumed correct and no error appears on its face, we cannot conclude the court so misconceived the law as to warrant reversal. Thus, we affirm. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1151-52 (Fla. 1979) ("Barnett Bank appealed but did not bring forward any substitute for a trial transcript. . . . In appellate proceedings the decision of a trial court has the presumption of correctness

---

[1] We previously affirmed this award on appeal. See Baumann v. Agudelo, 404 So. 3d 455 (Fla. 3d DCA 2024).

and the burden is on the appellant to demonstrate error. . . . The written final judgment by the trial court could well be wrong in its reasoning, but the decision of the trial court is primarily what matters, not the reasoning used. Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it. . . . When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.") (citations omitted); Dieguez v. Weissberg, 3 So. 3d 441, 441 (Fla. 3d DCA 2009) ("In the absence of a proper record, a presumption of correctness attaches to the trial court's decision and this Court's review is limited to whether errors appear on the face of the judgment. Here, the client has failed to overcome the presumption of correctness attached to the trial court's decision, and no errors appear on the face of the trial court's decision.

Accordingly, the order on appeal is affirmed in all respects.").

Affirmed.