# Third District Court of Appeal

## State of Florida

Opinion filed February 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1055
Lower Tribunal No. 24-13571-CA-01
_____

**Leda Loynaz Pacific,**
Appellant,

vs.

**Peninsula Association Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Leda Loynaz Pacific, in proper person.

Dania S. Fernandez & Associates, P.A., and Dania S. Fernandez, for appellee.

Before SCALES, C.J., and EMAS and LOGUE, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 718.303(1), Fla. Stat. (2026) ("Actions at law or in equity, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against. . . [t]he association. . . . The prevailing party in any such action . . . is entitled to recover reasonable attorney fees."); <u>Mack v. Univ. Prop. & Cas. Ins. Co.</u>, 321 So. 3d 901, 903 (Fla. 2d DCA 2021) (finding the trial court erred in denying appellant's motion for attorney's fees under section 718.303(1), the attorney's fees provision of the Condominium Act); <u>see</u> <u>also</u> <u>Catamaran B.Y., Inc. v. Giordano</u>, 337 So. 3d 439, 441 (Fla. 3d DCA 2022) ("The general rule in Florida is that when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. It is not necessary for there to be an adjudication on the merits in order to be entitled to fees as a prevailing party.") (quotations omitted); <u>Viler v. Univ. Prop. & Cas. Ins. Co.</u>, 386 So. 3d 941, 943 (Fla. 4th DCA 2024) ("After entry of a voluntary dismissal, attorney's fees can be awarded to the so-called prevailing party under [a] statutory provision where the case was not resolved on the merits."); <u>Wellness Ctr. of London Square, Inc. v. DHL Express (USA), Inc.</u>, 393 So. 3d 752, 753 (Fla. 3d DCA 2024) ("Because Wellness Center has not provided us a transcript of the evidentiary hearing where the lower court addressed attorney's fees, and the face of the record reveals no error in the court's calculation of the fee amount awarded to

[appellee], we must affirm the fee award.") (quoting Myret, LLC v. Grp. LX, Inc., 245 So. 3d 1024, 1024 (Fla. 3d DCA 2018)); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or an alternate theory.")).