# Third District Court of Appeal

## State of Florida

Opinion filed April 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1243
Lower Tribunal No. 19-36014-CA-01
_____

**Daniel Garcia Gelati**,
Appellant,

vs.

**Estate of Edmundo Henriquez Ron, et al.**,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jason Emilios Dimitris, Judge.

Richard Sierra & Associates, PA, and Richard Sierra (Boca Raton), for appellant.

Sordo & Associates, P.A., and Cesar R. Sordo, for appellee Servicios Instrumentals CA, LLC.

Before LINDSEY, LOBREE, and BOKOR, JJ.

PER CURIAM.

Daniel Garcia Gelati appeals the trial court's order denying his motion to vacate a final judgment entered against him in proceedings supplementary. The order was entered after a hearing for which there is no transcript. In the order, the trial court makes specific findings as to why it imposed liability against him. Gelati's contest of these findings is of no avail because he did not provide the hearing transcript and nothing irregular appears on the face of the final judgment. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). On these facts, we are constrained to affirm.

As we explained in Fernandez v. Gonzalez, Florida Rule Appellate Procedure 9.200(e) imposes the burden on the appellant to ensure that the record is prepared and transmitted in accordance with these rules. See 405 So. 3d 531, 533 (Fla. 3d DCA 2025). Indeed, "[w]ithout a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the [whole] factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal." Applegate, 377 So. 2d at 1152.

2

Here, affirmance is required because no transcript, or proper substitute, is provided and no fundamental error appears on the face of the order appealed.  See Gaspard v. Innocent, 389 So. 3d 638, 639 (Fla. 3d DCA 2023); Mijares v. Echeverria, 365 So. 3d 426, 426 (Fla. 3d DCA 2023) (quotation omitted) (reiterating appellant's burden of presenting a record that overcomes the presumption of correctness afforded to the trial court's findings and finding "[w]here there is no record of the testimony of witnesses or evidentiary rulings, and where a statement of the record has not been prepared . . .  a judgment which is not fundamentally erroneous on its face must be affirmed.").

Affirmed.